JAMES PECK *et al.*, Appellants, *v.* JOHN L. WILSON, use, etc., Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A writ of *retorno habendo* need not be issued and returned at length, before an action can be brought on a replevin bond. It will be sufficient if a return was adjudged, and proof is made of disobedience to the judgment.

A default admits all the facts well pleaded.

In an action on a replevin bond, the breach need not be set out broader than the condition, nor need the proof be more extensive than the breach.

A forfeited replevin bond, is not such a contract, as is contemplated by the third and fourteenth sections of the practice act for the courts of Cook county. Those sections allude to contracts for the payment of money, and a plea to an action on such a bond, should not be stricken from the files for want of an affidavit of merits.

THIS action was brought on a replevin bond where the action of replevin was not tried on the merits, but was dismissed for want of prosecution.

The declaration was on a replevin bond for the replevy, by Bishop, of 8,918 feet first clear lumber, 207,197 second clear

lumber, 220,540 common, 55,174 culls. Declaration contains two counts, neither of which allege the issuing of a *retorno habendo*.

The first count avers, for breach, " that the said James E. Bishop has at no time since, returned or offered to return said goods, in pursuance to the order and judgment of said court, but so to do has utterly failed and refused."

The record alleges for breach, " that the defendant, Bishop, although often requested, did not or would not, return the said goods, etc., although a return thereof was awarded, etc."

Defendants filed a plea, that the property replevied, at the time of suing out the writ, was the property of the said Bishop, and the merits of the replevin suit had not been tried, etc.

No affidavit of merits was filed with the plea.

Plaintiff amended his declaration, by leave, by increasing the damages.

The plea was struck from the files for want of an affidavit of merits, and judgment, by default, for want of plea, was entered against defendants, and a jury called, and damages assessed at $4,520.

Defendants filed a motion to *set aside the judgment,* which was sustained so far as the assessment is concerned.

The assessment was tried before a jury, and they assessed the damages at $2,702.50. Defendant moved for a new assessment, which the court overruled and gave judgment for plaintiff below.

Shumway, Waite & Towne, for Appellants.

B. F. James, for Appellee.

Breese, J. We are not of opinion that a writ of *retorno habendo,* shall actually issue and *elongata* returned, before an action can be brought on the replevin bond. It is sufficient that the judgment awarded the return, and to prove that no return was made. This it was the duty of the party to do, against whom the judgment for a return was awarded.

The party by his default, admitted all the facts well pleaded in the declaration, and the important one is, that a return was awarded, and no return of the property in fact made. That was the condition of the bond, and the breach need not be broader than the condition, nor the proof more extensive than the breach. *Hunter* v. *Sherman,* 2 Scam. R. 544.

Upon the other point we are of opinion that an action of debt upon a forfeited replevin bond, is not such an action on a contract as is contemplated by the third and fourteenth sections of the act regulating the practice in the Cook county Circuit

Court and Court of Common Pleas. (Scates' Comp. 271–2.) Those contracts, should be held to be contracts for the payment of money, as damages arising from a breach of contract. A replevin bond has not this quality. It has conditions, no one of which is to pay money. The condition is that he will prosecute the suit to effect and without delay, and make return of the property if a return thereof shall be awarded, and save and keep harmless the sheriff.

It would be a strained and forced construction of that act, which we are not disposed to give, to bring such cases within it. Its operation is already sufficiently extensive, partial as the act is and in derogation of the general law of the State. The court should not have stricken the plea from the file for want of an affidavit of merits, and for doing so the judgment is reversed and the cause remanded with directions to reinstate the plea.

We forbear touching upon the other points made by the plaintiff in error, as they bring up very important questions which we have not time now to examine fully.

*Judgment reversed.*