YORK COUNTY M. F. INS. Co. *versus* A. O. BROOKS *& als.*

It affords a surety in a bond· no defence, that it was signed by him, on the promise of the principal that he would procure the signature of a certain other person, if the obligee at the time the bond was delivered to him had no knowledge of the promise.

So, if one is induced to sign, supposing a forged name thereon to be genuine, the obligee being ignorant of the circumstances.

If the forged name be obliterated before the delivery of the bond, the rights of the obligors therein will not be altered or their liabilities affected thereby.

REPORTED from *Nisi Prius*, APPLETON, C. J., presiding.

This was an action of DEBT on a bond to secure to the plaintiffs the faithful performance, on the part of A. O. Brooks, of his trust as agent of the plaintiffs, in collecting outstanding assessments. The bond sued on is signed by W. O. Brooks, John W. Perkins, and John Perkins, jr. Brooks did not appear to answer to the action.

It was admitted that John W. Perkins signed the bond on the promise of Brooks to procure the signature of Robert G. Perkins; and there was evidence that the name of said Robert was at one time upon the bond, but was afterwards completely erased.

John Perkins testified that he signed the bond supposing the signature of R. G. Perkins to be genuine, and that he was a man of property.

It appeared, from the testimony of R. G. Perkins, that he did not sign the bond, never authorized any one to put his name upon it—and was never requested to sign it. The bond came into the hands of the plaintiffs as it now appears.

*McCrillis*, for plaintiffs.

*Briggs*, for defendants.

The opinion of the Court was drawn up by

APPLETON, C. J.—The defendant, A. O. Brooks, having been employed by the plaintiffs as their agent to collect their

outstanding assessments, gave them the bond in suit as security for the faithful performance of his trust. The plain-tiffs received it, ignorant of any agreement between him and the other defendants, or of any relations between them other than those arising from their respective signatures. Brooks having failed to pay over the moneys collected, the plaintiffs seek to enforce the bond in suit for the purpose of obtaining indemnity for the loss sustained.

John W. Perkins, the first surety on the bond, claims to be discharged because he "signed it on the promise of A. O. Brooks, that he would procure the signature of Robert G. Perkins," which he failed to do. The existence of this promise was unknown to the plaintiffs, and it is no fault of theirs that it was broken. This defendant neither signed the deed on condition nor delivered it as an escrow. He relied upon the promises of his principal, and he is not the first surety and, probably, will not be the last, who has found a reliance on such promises like leaning upon a broken staff. He undoubtedly expected the promise given to be performed, but the disappointment of his expectations constitutes no answer to the plaintiffs' claim. When a bond is signed and delivered, without any condition or reservation annexed, although under an expectation that it would be signed by others, it is the deed of the person signing, though it should not be signed by those whom he expected would sign it. *Haskins* v. *Lombard*, 16 Maine, 140. So, too, where a note payable to a bank was signed by the principal and one surety, an agreement, on the part of the principal with such surety, that he will procure another surety, which is not done, before he procures the note to be discounted, constitutes no defence, the officers of the bank not being conusant of such agreement. *Passumpsic Bank* v. *Goss*, 31 Vt., 315; *Dixon* v. *Dixon*, 31 Vt., 450.

It is admitted that the name of Robert G. Perkins, affixed to the bond, was a forgery, and was erased therefrom before its delivery to the plaintiffs, and so erased that there

was .no appearance of his name ever having been on the bond, when delivered, or that it had ever been.

The other defendant, John Perkins, alleges that he "signed the bond on the faith of the name of Robert G. Perkins, whom he knew to be a man of property," but, as that was a forgery, he denies his liability. But it was his neglect that he was ignorant of the genuineness of the signatures which preceded his own. He imposed no conditions limiting the legal effect of his signature. A surety on a bond cannot interpose, as a defence against paying for the defaults of his principal, that the name of another surety, upon the same bond, was obtained by fraud, unless the signature of the latter was a *condition* by which to obtain that of the former. *Franklin Bank* v. *Stevens*, 39 Maine, 533. Perkins made no conditional signature. Nor was there a conditional delivery. A subsequent surety is not to be discharged because the name of a prior one has been forged. His own signature is an implied assertion of the genuineness of those which preceded it, for it is not to be presumed that a man would affix his name to a bond when the prior names were forged. It was held in *Selser* v. *Brock*, 3 Ohio, 302, that one, who signed a note apparently as principal, but who was in fact a surety, within the knowledge of the holder, and affixed his signature after the names of others as signers had been forged upon the note, and while it was in the hands of him for whose benefit it was drawn, so far sanctioned and affirmed the genuineness of the signatures, that he could not take advantage of the fraud in his defence against the holder, unless he showed the holder was privy to the same. 1 Parsons on Notes and Bills, 235.

The name of Robert G. Perkins was erased before the bond was delivered the plaintiffs. They never knew it had been fraudulently affixed, nor of its subsequent erasure. Such alterations only as are material will defeat a bond. The forgery imposed no liability on the person whose name was forged. .Its erasure neither released nor discharged him from any. The surrender of a fictitious and forged bond

'for the benefit of the surety, to whom the same was of no possible use, except as a matter *in terrorem*, affords no ground upon which a court of equity will decree the exoneration of a surety. *Loomis* v. *Fay*, 24 Vermont, 240. The defendants would have been liable had the erasure not been made. Its erasure has in no respect altered their rights or affected their liabilities. Their liability, therefore, still continues. *Defendants defaulted.*

CUTTING, DAVIS, KENT, WALTON and BARROWS, JJ., concurred.