THOMAS J. STONER

*v.*

JAMES MILLIKIN *et al.*

1. PLEADING AND EVIDENCE—*facts admitted need not be proved.* Where a fact is alleged in a bill in chancery, and is admitted by the defendants in their answer, the complainant need not prove such fact.

2. LEVY—*when plaintiff may release.* If judgment by confession under a warrant of attorney, is entered against several as the makers of a note, and the name of one is a forgery, the judgment will be a nullity as to him, and the plaintiff may rightfully release his property from levy under an execution issued on such judgment.

3. SURETY—*induced to sign by fraud of principal.* Where a party, when asked to sign a note, as surety, refuses unless another person will first execute the same, and the principal maker forges the name of such other person, and thereby induces the party to sign, and procures money of an inno-

cent party who has no notice of the fraud, the fact of the forgery and the fraud will not release the surety so executing the same.

4. Where one of two innocent parties must be a loser by the deceit or fraud of another, the loss must fall on him who employs and puts trust and confidence in the deceiver, and not on the other.

5. Former decision. The case of *Seely* v. *The People, etc.* 27 Ill. 173, is departed from so far as it conflicts with the rule as above laid down.

Appeal from the Circuit Court of Macon county; the Hon. C. B. Smith, Judge, presiding.

Mr. Harvey Pasco, for the appellant.

Mr. A. B. Bunn, for the appellees.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

At the February term, 1874, of the county court of Macon county, a judgment was entered by confession, in favor of Millikin & Co., against Thomas Lee, John Lee and Andrew J. Stoner, for $453.33, upon a promissory note with a warrant of attorney attached, purporting to be executed by the three latter, dated the 24th day of June, 1873, payable ninety days after date to H. Crea, and assigned by him without recourse.

An execution, issued upon the judgment, was levied upon personal property of John Lee, sufficient in value to satisfy it. Afterward, by direction of Millikin & Co., the sheriff released the property of John Lee from the levy, and levied the execution upon certain real estate of Stoner, and the bill in this case was filed by Stoner to enjoin the sale of his property under the execution.

The court below, upon final hearing on proof, dismissed the bill, and the complainant appealed.

The chief ground relied upon in support of the bill is, that the signature of the name of John Lee to the note is a forgery. The note is a joint and several one, the signature of Stoner being last upon the note. He testifies that Thomas Lee applied to him to sign the note as his security; that he refused to do so unless Lee would first get his brother, John Lee, to

sign the note; that Lee went away saying he would go and get John to sign it; that the next day he came back, saying that he had got John to sign it, and presented the note with the signature of John Lee appearing to it, and witness then signed it, supposing the signature of John Lee to be genuine, knowing him to be responsible, and had he not supposed the note to have been signed by John Lee, he would not have executed it. Thomas Lee had made the arrangement beforehand with Millikin & Co., to lend him the money. H. Crea, the payee of the note, was but nominally such, Millikin & Co. being the real payees, and on presentment of the note, with Crea's indorsement on it, by Thomas Lee to Millikin & Co., who were bankers, they discounted the note, paying the proceeds to Thomas Lee.

The bill alleges, the way John Lee's property came to be released was, that he made an affidavit that he never signed the note, and that his signature to the same was a forgery, and that upon the making of such affidavit Millikin & Co. caused his property to be released from the levy. Although it is this forgery which is mainly relied on for the discharge of Stoner, it is yet objected, as against the release of John Lee's property and the levy on Stoner's, that there is no proof of the forgery, more than this affidavit. Upon an examination of the bill, we take that, as alleging the fact of the forgery; and the answer of Millikin & Co. and the sheriff admits the same. By the pleadings, the forgery must be considered an admitted fact in the case. The confession of judgment, then, against John Lee, was unauthorized, and a nullity, and his property was rightly released from the levy under the execution.

Why should this forgery operate in discharge of Stoner, and entitle him to have his property exempted from sale on the execution?

It may have been a wrong toward him, and have caused him to incur a greater extent of liability than he expected; and the supposed obtaining of the execution of the note by John Lee may have been the sole condition upon which he signed

his name to the note. Yet, on satisfactory evidence to himself, in that respect, he did place his name unconditionally to the note as a maker thereof, and left it with Thomas Lee to deliver to Millikin & Co., knowing that on the faith of his, Stoner's, promise to repay it, they would part with their money to Thomas Lee. There is no just reason why this promise to Millikin & Co. should not be kept.

Whatever of wrong there was to Stoner, was perpetrated by his co-maker, Thomas Lee. Millikin & Co. were wholly innocent in the matter; they had no notice of anything which had been transpiring among the makers of the note, as between themselves. Nor was it incumbent upon Millikin & Co. to exercise care over the interest of the surety in the note, look to the inducement which led him to become such, and see that it should not fail. They had but to watch over their own interest, and see that the security offered was a sufficient protection for them. For the lack of the vigilance they failed to exercise in this respect, they suffer the full consequence in the loss of the security of the name of John Lee. Whatever of fraud and deception the co-makers of the note practiced toward one another, was their own sole concern, and the consequence, so far as may affect them in their relation to each other, should be borne by themselves alone. There is no justice in requiring Millikin & Co. to assume the risk of such conduct, and no sound principle upon which they should be made to suffer loss because of it, not being privy thereto.

*York County M. F. Ins. Co.* v. *Brooks*, 51 Me. 506, and *Selser* v. *Brock*, 3 Ohio St. 302, are direct authorities to the point that such a forgery of the name of a prior surety will not discharge a subsequent surety. See *Young et al.* v. *Ward*, 21 Ill. 223.

We regard the language of Lord HOLT, in *Hern* v. *Nichols*, 1 Salk. 289, as applicable, that "Seeing that somebody must be a loser by this deceit, it is more reason that he that employs and puts trust and confidence in the deceiver should be a loser, than a stranger."

The case of *Seely* v. *The People*, 27 Ill. 173, is departed from so far as it conflicts with the principle of the present decision.

We are satisfied with the decree, and it is affirmed.

*Decree affirmed.*