No. 7852.

## THE WAYNE AGRICULTURAL CO. *v.* CARDWELL ET AL.

PROMISSORY NOTE.—*Forgery.*—*Principal and Surety.*—When the name of one of two or more obligors in a bond, note or other writing obligatory, has been forged, the other co-obligor, though a surety only, and though he signed in the belief that the forged name was genuine, is nevertheless bound, if the payee or obligee accepted the instrument without notice of the forgery.

From the Madison Circuit Court.

*W. Garver* and *R. R. Stephenson*, for appellant.

FRANKLIN, C.—Appellant commenced a suit in the Hamil-

ton Circuit Court, against Isaac S. Poe, Silas Helms and Peter Cardwell, on a note for $500.

There was a judgment by default against Poe and Cardwell. Helms answered by denying under oath the execution of the note. A trial was had on this issue, and a finding and judgment thereon was entered for the defendant.

After this, according to the record, Cardwell instituted some kind of a suit against Poe *et al.*, and a demurrer was filed to the complaint. From a minute made by the clerk in the record, it appeared that the complaint and demurrer were not on file, and they are not copied in the record. As to what became of that suit the record gives no further information.

The parties appeared again in court, and Cardwell filed an answer to the complaint in the original cause, to which appellant filed a demurrer. Demurrer overruled and exception; reply filed to answer; demurrer to reply overruled and exception.

The venue in the cause was then changed from the Hamilton to the Madison Circuit Court. Trial there by jury; verdict and judgment for the appellee Cardwell.

In this court appellant complains of the following errors of the court below, to wit:

1. The court erred in overruling the demurrer to the answer of the defendant Peter Cardwell;

2. The court erred in overruling the motion for a new trial, as made and filed by the plaintiff.

We presume that, in relation to the judgment by default against Cardwell, there is some mistake in the record, or the court would have had no subsequent proceedings in relation to the cause.

The first error complained of is the overruling of the demurrer to the defendants' answer. The substance of this answer is about as follows, to wit: That Poe had repeatedly requested the defendant Cardwell to sign for him three prom-

issory notes for $500 each, payable to appellant; that he declined so to do unless Poe would procure the signature of one Helms also to the notes. Afterward, said Poe presented the notes, with the name of said Helms attached thereto, and falsely represented said signature of Helms to be genuine; that Cardwell was unacquainted with the signature of said Helms, believed said representation of Poe to be true, was thereby induced to and did sign said notes; that the signature of said Helms was not genuine, but a forgery, and that said Helms had been released from all liability on account thereof; and that, by reason thereof, he should be also released.

The question arising upon the demurrer to this answer has been fully decided by this court, at the present term thereof; as the case was from the same county, and between the same parties, we presume it was based upon one of the same notes mentioned in this answer. The case we refer to is *Helms* v. *The Wayne Agricultural Co.*, *ante*, p. 325. In that case this court has decided that, where the name of one. of two or more obligors on a bond, note or other writing obligatory has been forged, the supposed co-obligor, though a surety only, and though he signed in the belief that the forged name was genuine, is nevertheless bound, if the payee or obligee accepted the instrument without notice of the forgery.

According to that decision, and the authorities therein cited, the court below erred in overruling the demurrer to the answer. This renders it unnecessary that we should decide upon the error assigned in overruling the motion for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things reversed back to the filing of the answer in said cause, with costs, and that it be remanded, with instructions to the court below to sustain the demurrer to the answer, and for further proceedings.