EDWIN S. DOUGLAS, IMPLEADED, ETC.,

v.

CANUTE R. MATSON, FOR USE, ETC.

*Practice—Waiver of Replication—Allowing New Plea at Trial—Replevin.*

1. Going to trial without an issue being made up on one of the pleas is a waiver of the formal issue thereon.

2. The refusal to allow a new plea to be filed at the trial can not be assigned as error in the absence of any showing as to the grounds of the request.

[Opinion filed April 21, 1890.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. ALBION CATE, for plaintiff in error.

Mr. B. M. SHAFFNER, for defendant in error.

MORAN, J. This was an action of debt on a replevin bond. The declaration is in the usual form, and assigns as breaches that the plaintiff in the replevin did not prosecute his action with effect, and although the court awarded a return of the

Douglas v. Matson.

goods and chattels replevied to the defendant, in the replevin, the said plaintiff in replevin did not make a return of the said goods and chattels or any part thereof. The defendant, Douglas, filed a plea of *non est factum* and a special plea averring that the merits of the replevin suit had not been tried, that the title and right of possession of the goods and chattels was in the replevin plaintiff at the time of the replevin suit and since, etc.

The parties went to trial without a replication being filed to this plea. It is contended that the failure to file a replication was to admit the facts alleged in the said special plea. It has long been settled in this State that proceeding to trial without an issue being made up on one of the pleas, is considered as a waiver of the formal issue, and the trial proceeds as though the issue on such plea was in fact formally tendered. Ross et al. v. Reddick, 1 Scam. 73; Kelsey v. Lamb, 21 Ill. 559; Strohm v. Hayes, 70 Ill. 41.

On the trial plaintiff did not show that a judgment of *retorno* had been rendered in his favor in the replevin suit, and the court held that he need not do so, as the allegation in the declaration that there was such judgment was not traversed by the pleas, and was therefore admitted.

Thereupon defendant asked leave to file a plea *instanter*, denying that any judgment for *retorno* had been rendered, but the court refused the leave. This action of the court is assigned as error.

Such a motion is always addressed to the discretion of the court, and action thereon can not, as a rule, be reviewed.

If it were proper subject of review, there is nothing in this record to show what were the grounds on which the court was asked to grant the leave. Where a party asks the court for a favor, he should present some reason to move the court to grant it, and if there is no showing, it is impossible for a reviewing court to say that the court erred in denying the request.

Every presumption is in favor of the justice of the court's action. It certainly was not a matter of course to allow a new plea to be filed on the trial, and it would require strong

circumstances to make it proper for the court to allow an issue to be made on the trial, on an allegation which the plaintiff, from the course of pleading, was entitled to regard as admitted. Counsel argues that this allegation was not, in fact, admitted, and speaks of the plea of *nil debet* as if such a plea were on file.

No such plea is found in the record. If, in fact, there was such a plea standing in the case, a different question would be presented.

There is nothing in the record which at all distinguishes this case from the case of Boyden v. Williams, 83 Ill. App. 477. The judgment of the Superior Court is correct and must be affirmed.

*Judgment affirmed.*