## M. McDonough v. ThePeople etc., for Use, etc.

1. REPLEVIN—*Action on Bond Accrues When Judgment is Rendered.*—An officer may be sued for taking an insufficient replevin bond at any time after the determination of the replevin suit and award of retorno habendo, and within three years and not afterward. The statute of limitations begins to run when the writ of return is awarded and not when it is returned.

**Transcript**, from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1897. Reversed. Opinion filed December 16, 1897.

BULKLEY, GRAY & MORE, attorneys for appellant.

H. H. REED, attorney for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

This was an action before a justice of the peace against a constable for taking an insufficient replevin bond. The defendant pleaded the statute of limitations before the justice, which plea was sustained, and plaintiff appealed to the Circuit Court, where a trial before the court, without a jury, resulted in a judgment against defendant for $131.60, from which this appeal is prosecuted.

In the view we take of the questions presented, it only seems necessary to consider that presented by the defense of the statute of limitations.

Secs. 12 and 13, Ch. 119, Rev. Stat. of Illinois, are as follows :

"Sec. 12.   Officer's failure to take or return bond—Liability.—If the sheriff, constable or other officer fails to take and return the bond, as required by this act, or returns an insufficient bond, he shall be liable to the party injured for all damages he may sustain by reason of such neglect which may be recovered in an action on the case, in any court of competent jurisdiction, or by an action upon his official bond.

Sec. 13. Limitation.—No sheriff, constable or other officer shall be liable under the preceding section, unless the bond was insufficient when taken, nor unless suit is commenced against him, or upon his bond, *within three years* after the cause of action shall have accrued."

In a replevin suit instituted by one Queeny against Mrs. Fannie C. Perkins before a justice of the peace, for the recovery of certain goods and chattels, appellant, as a constable, seized the same, took and approved the bond in question on April 15, 1893, and on the same day delivered said goods and chattels to said Queeny. This case being called for trial on May 2, 1893, said Queeny took a nonsuit, and a writ of retorno habendo was awarded, but was not issued until October 28, 1893, which was returned by a constable, viz.: " Having made demand on the within named defendant, to surrender to me the within described · property, which he refused to do, I therefore return this writ, the within described property not found in my county, this 1st day of December, 1893.

GEO. W. FRANKLIN, Constable."

The suit at bar was instituted before the justice November 10, 1896 — more than three years after the award of the writ of retorno, and more than three years after its issue, but within the time of the return thereof.

It seems plain, upon principle, that this cause of action accrued on April 15, 1893, when the replevin bond was taken. The statute says that the officer shall not be liable " unless the bond was insufficient when taken," nor " unless the suit is commenced against him or upon his bond within three years after the cause of action accrued." If the bond was insufficient when taken, and that is appellee's contention, then the constable could have been sued as soon as he approved it and turned over the property to Queeny, and the injured party could have recovered at least nominal damages, but as the statute contemplates a recovery of all damages that may be sustained by reason of the officer's neglect, and as the authorities are not uniform on this point, it being unnecessary in this case, we do not decide

the point.   But if this is not so, at least he could have been
sued when the replevin suit was ended, May 2, 1893, and
retorno awarded.   Pearce v. Humphreys, 14 Ser. & Raw.
(Penn.) 23; Oxley v. Cowperthwaite, 1 Dall. 349; Manning
v. Pierce, 2 Scam. 4; Peck v. Wilson, 22 Ill. 205; Petrie v.
Fisher, 43 Ill. 442.

In the Pearce case, *supra*, the court, basing its ruling on
the Oxley case, *supra*, held that the sheriff was liable at the
termination of the action in replevin for taking insufficient
sureties, it being contended that the liability was only as of
the time of taking them, but remarked upon the hardship
of such a rule on the sheriff.

The Illinois cases above cited hold that a sheriff may be
sued on a replevin bond taken by him at the determination
of the replevin suit and award of retorno habendo.

The judgment of the Circuit Court is reversed.