Love v. The People.

---

Lorin Love, Impleaded, etc., v. The People, use of, etc.

1. Constables—*When an Action for Failing to Take a Sufficient Bond in Replevin Accrues.*—The cause of action upon the official bond of a constable for a failure to take a sufficient bond in a replevin suit accrues when the suit is ended and a retorno is awarded.

2. Damages—*For Taking and Detaining Property in Replevin.*— Where property, taken in replevin, is returned in obedience to the order of the court directing such return, and has not in the mean time decreased in value, it can not be said that there has been any damage unless for a deprivation of its use, or the right to dispose of it during the time it has been held.

3. Same—*For Failing to Take a Sufficient Bond—Not Confined to the Amount Stated in the Affidavit.*—In an action upon the official bond

of a constable for a failure to take a sufficient replevin bond, the meas-
ure of damages is the injury suffered by the defendant in the replevin,
and is not necessarily confined to the value of the property as stated in
the affidavit.

4.   EVIDENCE—*Affidavit in Replevin, When Competent.*—An affidavit
made by a plaintiff in a replevin suit is competent evidence against him
in a suit upon the bond, and he is estopped to deny that the property
replevied was of less value than that stated in his affidavit.

**Debt**, on an official bond.   Error to the Circuit Court of Cook County;
the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Heard in this court
at the October term, 1900.   Reversed and remanded.   Opinion filed
March 14, 1901.

RUNYAN & RUNYAN, attorneys for plaintiff in error.

PERCIVAL STEELE, attorney for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

This action was begun in the name of the people for the
use of Henry Wirth and Nathan Guthman, as Wirth, Guth-
man & Co., and Adam J. Gazelle, against plaintiff in error
and his sureties, Charles Seip and Hans Heinsen, on the
official bond of Love, as constable, for a failure to take a
sufficient replevin bond in a replevin suit begun by one
Wanzel against the defendant in error Gazelle, to recover
certain personal property which was held by said Gazelle
by virtue of a writ of execution issued on a judgment ren-
dered by a justice of the peace in a suit by said defendants
in error Wirth and Guthman against William Smith and
J. C. Raymond for the sum of $33.58 and costs of suit.   A
trial before the justice resulted in a judgment in favor of
defendants for costs, and on appeal to the Circuit Court in
a judgment in favor of defendants in error against plaintiff
in error and his sureties in debt, for $10,000, and damages
$200, to reverse which this writ of error is prosecuted.
The trial was before the court, a jury having been waived.

Plaintiff in error claims that the suit is barred by the
statute (Chap. 119, Sec. 13), which limits the right to bring
an action upon a constable's bond for failure to take an
insufficient replevin bond to "three years after the cause
of action shall have accrued."   If the cause of action

Love v. The People.

accrued at the time when it is alleged the constable failed to take a sufficient bond, to wit, October 16, 1895, then this action is barred by said section, as this suit was not begun before the justice on the constable's bond until more than three years after that date, to wit, January 18, 1899. If, however, as contended by defendant in error, the cause of action did not accrue until the replevin suit against Gazelle was disposed of and a return of the goods to him awarded, which was on October 12, 1898, then said limitation is not a defense.

To sustain the contention that the cause of action accrued at the time of the taking of the alleged insufficient bond, plaintiff in error relies upon McDonough v. The People, 72 Ill. App. 376. That case does not sustain the contention; for the court, while stating that the authorities were not uniform on the point, said it was not necessary to a decision of the case, and that "we do not decide the point." The same case holds, however, (citing among other cases Peck v. Wilson, 22 Ill. 205, and Petrie v. Fisher, 43 Ill. 442,) that in any event the cause of action accrued when the replevin suit was ended and a *retorno* awarded.

On a careful consideration of the question and an examination of the authorities in connection with the statute (Chap. 119, Sec. 12), which says that the officer "shall be liable to the party injured for all damages he may sustain by reason of such neglect which may be recovered in an action on the case in any court of competent jurisdiction, or by an action upon his official bond," we think that the reasonable and fair construction is that the cause of action accrued when the replevin suit ended and a *retorno habendo* was awarded, and not at the time when the officer failed to discharge his duty. If the property is returned in obedience to the order of the court directing such return, and it has not in the meantime decreased in value, then it can not be said that there has been damage unless for a deprivation of the use of the property or the right to dispose of it during the time it has been held. Such matters can only be fully determined after the *retorno* has been awarded.

This view is sustained by the authorities cited above, and other cases noted in the McDonough case *supra*, as well as by Greenleaf on Evid., Sec. 433; Rice v. Hosmer, 12 Mass. 127; Bank of Hartford Co. v. Waterman, 26 Conn. 324; Harriman v. Wilkins, 20 Me. 93; Lesem v. Neal, 53 Mo. 412.

In the Harriman case, *supra*, which was an action against an officer for taking an insufficient bond, it was held that the action could not be maintained without proof of actual injury, and that could not be known until a judgment for the return of the property had been recovered and the defendant had failed to restore it. The court held that " the statute commences to run from the time when the consequences of the act arise or happen, and not from the time when the act was done."

The Lesem case, *supra*, is a carefully considered case, cites with approval the Harriman case, and held where a sheriff was sued for improperly releasing attached property, the limitation in his favor did not begin to run at the date of the release wrongfully made by him, but from the date of the judgment in the attachment suit, for the reason that it could not be known but that the plaintiffs would have failed in their attachment suit, in which event they would have sustained no injury. So in the case at bar, if Wanzel had succeeded in the replevin suit there could have been no injury to defendants in error for which they could sustain an action on Love's official bond.

The instrument which was taken by plaintiff in error in the replevin suit, is as follows:

" STATE OF ILLINOIS, |
    Cook County.         } ss.

The condition of this obligation is such that whereas, on the 16th day of October, in the year of our Lord, one thou sand eight hundred and ninety-five, the plaintiff, R. D Wanzel, sued out a writ of replevin before Thos. A. Foley, a justice of the peace in and for said county and State, for the recovery of the following described goods and chattels, to wit: 156 bottles assorted wines and liquors, 10 jugs and contents, 1,100 cigars, one city license, No. 5427, 4 ten-gal. kegs and contents, 2 cases export beer, 6 bottles Angustara bitters, and two silver decanters, of the value of $200.

Now, if the said plaintiff, R. D. Wanzel, shall prosecute his suit to effect, and without delay, and make return of the said property, if return thereof shall be awarded, and save and keep harmless the said constable, A. J. Gazelle, in replevying the said property, then this obligation to be void, otherwise to remain in full force and effect.

Witness our hand and seal this 16th day of October, 1895.

R. D. Wanzel,  [Seal]
Abraham L. Simons.  [Seal]
Lorin Love, Constable."

It is not a bond, but only what might be termed the condition of a bond. It is without penalty, is not an undertaking to pay any sum of money, and is not a compliance with the statute, which requires a " bond with sufficient security in double the value of the property about to be replevied." Plaintiff in error then having failed to take any bond, his contention that there is no evidence in the record but that the surety was good, is of no importance. The suit is not because of the insufficiency of the surety, but because of an insufficient bond.

A further claim is made that a previous suit upon this alleged bond, before a justice of the peace, was decided in favor of plaintiff in error and is *res adjudicata*. The evidence fails to show that in the former suit there was any adjudication upon the merits—only that a trial was had, evidence heard and the " case dismissed." Such a disposition of the case is entirely consistent with its dismissal on the plaintiff's own motion. There does not appear to have been any judgment in favor of the defendants or against the plaintiffs. We think that case does not adjudicate anything.

Against objection the court admitted in evidence the affidavit for replevin in the case of Wanzel against Gazelle. This evidence is all that there is in the record to show the value of the property taken on the writ of replevin from Gazelle by plaintiff in error Love. It was evidently admitted through inadvertence by the learned trial judge, and was offered by counsel for defendants in error upon the theory that it was in the nature of an admission by

plaintiff in error and the sureties on his bond. Counsel for defendants in error, under their contention that this affidavit was proper, cite a number of authorities, all of which relate to suits upon replevin bonds, in which it was sought to hold the plaintiff in the replevin suit for damages, and these cases hold in substance that the affidavit for replevin having been made by the plaintiff in the replevin suit, it was competent evidence against him in a suit upon the bond, and that he would not be heard to deny that the property replevied was of less value than that stated in the affidavit for replevin. This seems to us reasonable and in accord with legal principles, as such an affidavit is in the nature of an admission. These cases are, however, in no way analogous to the case at bar. This suit is upon the constable's bond against him and his sureties, neither of whom were in any way connected with the replevin suit, and it does not appear that either of them ever saw or knew anything with reference to the affidavit in that case, and it could in no way be said to be an admission by them or either of them.

In People v. Core, 85 Ill. 248, which was a suit upon the official bond of a sheriff to recover for his alleged failure to discharge his official duty in taking an insufficient replevin bond, it was held that the affidavit for replevin, though it stated the value of the property, was no protection to the sheriff in receiving the bond, but that he was bound, at his peril, to learn the value of the property as near as he reasonably could, and to take a bond in double the value of the property, and that if he failed to do so he would be liable for the true value of the goods taken. If the affidavit of replevin is not a protection to the officer in taking the bond, we are at a loss to see on what possible ground it could be used against him. None of the cases cited by counsel for defendant in error sustains his claim that this evidence was competent, and we have been unable to find any decided case which supports the claim.

The full value of the property as stated in the affidavit for replevin, has been assessed as damages against plaintiff

in error, which we think was error.  The damage is the injury suffered by defendant in error, which is measured by the judgment in favor of Wirth and Guthman against Smith and Raymond, with interest at the legal rate thereon, and costs in that suit and in the replevin suit of Wanzel against Gazelle.

The authorities cited by counsel for defendant in error in support of his contention that the measure of damage is the value of the property, are all cases in suits upon replevin bonds, the condition of which was to return the property if return should be awarded, and are not applicable here, in our opinion.  We think that defendants in error have no right to a recovery because of any special property interest when they are indemnified to the extent of their judgment, interest and costs by them expended.

The judgment will therefore be reversed and the cause remanded.