John Farson, et al., v. James H. Gilbert, for use, etc.

Gen. No. 11,110.

1. CHATTEL MORTGAGE—*when, invalid as against third persons.* A chattel mortgage not acknowledged before a magistrate of the town where the mortgagor resided, is void as against the rights and interests of third persons.

2. "PLEDGE"—*defined.* A pledge is a lien created by the owner of personal property by the mere delivery of it to another, upon an express or implied understanding that it shall be retained as security on an existing or future debt. If the pledgee is in possession of the thing pledged, though for another purpose, the pledge becomes effectual without further delivery.

3. DAMAGES—*proof of, in action of debt upon replevin bond.* Where the property in question has no market value, proof may be made of such facts as tend to show such value or which aid the jury in estimating it. The cost of manufacturing a new article and transporting it to market may properly be inquired into.

4. DAMAGES—*proof of, in action of debt upon replevin bond.* In an action of debt upon a replevin bond, the statement contained in the affidavit for replevin, as to the value of the property sought to be replevied, is *prima facie* evidence of such value.

Action of debt upon replevin bond. Appeal from the Circuit Court of Cook County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

CHARLES T. FARSON, for appellants.

BULKLEY, GRAY & MORE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This case was before us at the October term, 1898. (Farson v. Gilbert, 85 Ill. App. 364.) It was an action of debt on a replevin bond, given by appellants to appellee, as sheriff, to indemnify him for taking from Donohue & Henneberry, ninety-one electro plates of pages of a certain atlas, published by Walton Thayer, who was the owner of the plates. The replevin suit was dismissed for want of prosecution. Donohue & Henneberry, for whose use the suit was brought, claimed that Thayer, early in 1891, pledged the plates to them as security for the price of printing done, and to be done, by them for him; that the plates were in their possession when so pledged and remained in their possession until taken from them on the writ of replevin, October 8, 1892. Appellants' claim to the plates is based upon a chattel mortgage given by Thayer, dated May 29, 1891, to secure certain notes held by them. This mortgage was not acknowledged before a magistrate of the town

where the mortgager resided, and was therefore void " as against the rights and interests of third persons." R. S., chap. 95, sec. 1. Appellants insist that they had a valid lien on the plates under the mortgage from December, 1891, when they took steps to foreclose, or at least from October 8, 1892, when they took the plates on the writ of replevin, and then say, that taking as true the testimony given in behalf of appellee, there was no pledge of the plates by Thayer to Donohue & Henneberry. This testimony in substance was, that with the plates in the possession of Donohue & Henneberry, they pressed Thayer for the payment of the amount due them for printing and that Thayer said to them that they had the plates for security; that they need not be in a stew to get their money as they had plenty of security or property in their possession; that they had his sheets and plates. Donohue & Henneberry continued to do printing for Thayer up to July 21, 1891, and have not been paid, either the amount due at the time of the conversation or that which accrued subsequently.

" A pledge is " a lien created by the owner of personal property by the mere delivery of it to another, upon an express or implied understanding that it shall be retained as security on an existing or future debt." Parsons on Contracts, quoted and approved in Corbett v. Underwood, 83 Ill. 326. If the pledgee is in possession of the thing pledged, though for another purpose, the pledge becomes effectual without further delivery. Jones on Pledges, sec. 36; Parsons v. Overmire, 22 Ill. 58; Meguiar v. Thomas, 42 S. W. Rep. 846. We think the declaration of Thayer constituted a valid pledge of the plates, because they showed an agreement on the part of the owner that Donohue & Henneberry, his creditors, should hold the plates until the amount due from him to them for printing should be paid.

It is also contended, that as Thayer had the copyright of the atlas, the plates were of little value to any one other than Thayer, and the judgment was for too large an amount. The verdict was for $1,000 damages. The plaintiff remitted $265.06 and the court rendered judgment for

$734.84, being $455.49, the amount of Donohue & Henne-berry's bill against Thayer; $299.44, the interest thereon from the time the plates were taken until the trial; and $50 attorney's fees in the replevin suit. The question whether the plaintiff was entitled to recover as damages the full value of the plates, or only the amount of the lien of Donohue & Henneberry, with interest and attorney's fees, is not before us, but only the question whether the evidence warrants and supports the finding of the jury that the plates, when taken on the writ, were of the value of at least $684.84, the amount of the judgment less the attor-ney's fees.

In Meeker v. The Chicago Cast Steel Co., 84 Ill. 276, Mr. Justice Breese said, in answer to the objection that there was not legal or competent evidence to show the amount of plaintiff's damages, " Law is not one of the exact sciences, nor can damages be measured by mathematical rule. Ap-proximation is all that can be attained." " When the property has no market value, proof may be made of such facts as exist tending to show the value or to aid the jury in estimating it. The cost of manufacturing a new article for and transporting it to market may properly be inquired into." 1 Sutherland Dam. 800. The value of the plates stated in the affidavit for replevin was $1,100 and this we held when the case was first before us, was *prima facie*, but not conclusive evidence of such value. The other evidence in the record shows that the cost of producing the plates was much more than the damages awarded by the jury. It was for the jury to estimate and arrive at the value of the plates from all the evidence. They found that value to be $1,000 and with that verdict we cannot say from the evi-dence that the judgment is for too large a sum. It is further contended that the motion in arrest of judgment should have been sustained, because the declaration fails to allege that the plates were taken by the sheriff on the re-plevin writ from the possession of Donohue & Henneberry, but this contention is without merit.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*