### Orlo W. Richardson et al. v. James H. Gilbert, for use of Siegel, Cooper & Company.

#### Gen. No. 13,214.

1. TRAVERSE—*effect of absence of.* In an action upon a replevin bond the failure of the plea to traverse the allegations of the declaration of the failure to return the property in question has the effect of admitting such allegation.

2. REPLEVIN BOND—*what may be recovered in action upon.* In an action upon a replevin bond the value of the attorney's services in defending the action of replevin may properly be included.

3. REPLEVIN BOND—*what prima facie evidence in action upon, of value of property replevied.* The affidavit of replevin is *prima facie* evidence as against the plaintiff in a replevin suit of the value of the goods replevied.

Action of debt upon bond. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed July 9, 1907.

CURTIS H. REMY, for appellants.

BINSWANGER & JACKSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the Superior

Court in an action upon a replevin bond. The declaration consists of two counts. The first count avers the commencement of the replevin suit by appellants against Thein and Siegel, Cooper & Company; that a writ of replevin issued to the plaintiff in this action, James H. Gilbert, late sheriff of Cook county, and that he took from appellants a replevin bond and replevied the property; that later it was considered by the court that Jacob Thein and Siegel, Cooper & Company go hence without day, and have return of the property, but that the defendant failed to make return.

The second count is to the same effect, and further avers that by reason of the wrongful suing out of the writ of replevin, Siegel, Cooper & Company was obliged to expend $300 for fees and charges of attorneys and other expenses in and about the defense of the suit.

The defendants pleaded first, *non est factum;* second, that judgment in the replevin suit was not given on a trial of any issue, but said replevin action was dismissed for want of prosecution, and that the merits of the action were not determined and that the goods were the property of the defendant.

The cause was submitted to the court for trial without a jury and the court found for the plaintiff and assessed the plaintiff's damages at $619.50 and entered judgment on the finding.

The only evidence introduced by the plaintiff was the replevin writ, the return thereon, the replevin bond, the affidavit of replevin in which the value of the goods is stated to be $400; the testimony of Mr. Binswanger as to the value of his services in the defense of the replevin suit, and that the value of the goods not recovered under the replevin writ was $21.87, and that the difference between the amount shown in the affidavit and writ of replevin and the amount shown as shortage on the receipt of the defendants was $378.13; the amount of the interest on $378 was $226.80;

and the testimony of Mr. Jarvis as to the value of Mr. Binswanger's services.

The defendants' evidence tended to prove the goods recovered under the writ of replevin were worth only $300.

Appellants urge that the evidence introduced by appellee was insufficient to justify the assessment of any substantial damages.

No plea was filed traversing the allegation of the declaration of failure to return the property. That allegation, then, stands admitted on the record, and required no proof. Williams v. Boyden, 33 Ill. App. 477; Douglas v. Matson, 35 Ill. App. 538.

In Kellogg v. Boyden, 126 Ill. 378, it was held that proof of the bond sued on, the replevin writ with the return, the judgment of the court dismissing the replevin suit and ordering a return of the property, and the value of the property taken, is sufficient to make out a *prima facie* case and entitles the plaintiff to judgment for the value of the property replevied and not returned. Such proof was introduced in this case.

The court held the following proposition of law at the request of appellants:

"The court is requested to hold as a matter of the law that if plaintiff has failed to prove that the defendant has not returned the goods in question, in accordance with the order of court awarding the *retorno habendo,* the plaintiff cannot recover for the value of the goods that were replevied."

It is urged that the finding of damages included the value of the property replevied and, therefore, the finding is contrary to the holding as to the law.

Without doubt where issue is taken by plea upon the averment of the declaration that the defendants did not make return of the goods the proposition of law held by the court states a correct rule of evidence. Peck v. Wilson, 22 Ill. 205; Vinyard v. Barnes, 124 *id.* 346. But in the case at bar that averment stood admitted of record, as we have seen, and required no

proof. Hence, as applied to the issues of this case, the above proposition was not correct.

In our opinion the evidence sustains the allowance of attorney's fee for services in defending the replevin suit and that the value of the attorney's services was properly included in the finding and judgment. Siegel v. Hanchett, 33 Ill. App. 634.

An examination of the evidence does not convince us that the finding and judgment of the trial court is excessive. The affidavit of replevin was *prima facie* evidence, as against appellants, of the value of the goods replevied. Wells on Replevin, secs. 453, 569, 660; Farson v. Gilbert, 114 Ill. App. 17; O'Donnell v. Colby, 55 Ill. App. 112; Love v. The People, 94 Ill. App. 237. The evidence does not justify us in setting aside the judgment upon the ground that it is for an excessive amount under the evidence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*