THE MORRIS PLAN COMPANY OF ALBANY, Plaintiff, *v.* FLORENCE ADLER and Others, Defendants.

Supreme Court, Albany County, November —, 1925.

**Bills and notes — action against comaker and surety — defense that signature of another comaker and surety was forged and false representation as to financial ability of other comaker is insufficient — Negotiable Instruments Law, § 42, not applicable.**

In an action against a comaker and surety on a promissory note, a defense by the comaker is insufficient which alleges that the signature of another comaker was forged and that the person for whose benefit the note was executed falsely represented that said other comaker was financially responsible, for it does not appear that the plaintiff had any knowledge of the forgery.

Section 42 of the Negotiable Instruments Law does not aid the defendant comaker, for the right of the plaintiff to enforce payment against him is not a right acquired through or under the signature of the person whose signature it is alleged was forged.

MOTION by plaintiff, under rule 113 of the Rules of Civil Practice, for an order striking out the answer of the defendant McGowan, and for summary judgment.

*Ernest L. Boothby,* for the plaintiff.

*Walter F. Swanker,* for the defendant.

STALEY, J. The action is brought to recover on a promissory note made by the defendants and payable to plaintiff. The answer of the defendant McGowan alleges that the signature of the alleged maker, George Rhinehart, was forged, and that it was falsely represented to him by Jerome Cartwright, one of the defendants and comakers of the note, that Rhinehart was a property owner; that this signature was forged, and this representation made to induce the defendant McGowan to sign the note and that said note was, therefore, void and not valid against the defendant McGowan.

The maker of a negotiable instrument by making it engages that he will pay it according to its tenor; and admits the existence of the payee and his then capacity to indorse. (Neg. Inst. Law, § 110.)

In an action by a payee against one who has signed a note as surety it is no defense thereto that the name of one or more of the obligors on such instrument has been forged, though the surety signed the same in the belief that the signatures were genuine, where it appears that the instrument was accepted by the payee without notice of the forgery. (Joyce Defenses to Commercial Paper, § 104.)

This rule, which has justification in reason and in principle, although without the authority of any reported decision in this State, so far as I am able to find, has been generally adopted in other jurisdictions. (*Wayne Agricultural Co.* v. *Cardwell,* 73 Ind. 555; *Helms* v. *Wayne Agricultural Co.,* Id. 325; *Selser* v. *Brock,* 3 Ohio St. 302; *Bigelow* v. *Comegys,* 5 id. 256; *Hunter* v. *Fitzmaurice,* 102 Ind. 449; *Stoner* v. *Millikin,* 85 Ill. 218; *York County M. F. Ins. Co.* v. *Brooks,* 51 Maine, 506.)

Section 42 of the Negotiable Instruments Law is not available to the defendant. The right of the plaintiff to enforce payment against the defendant is not a right acquired through or under the signature of Rhinehart; on the contrary, it is a right based upon the fact that the defendant McGowan was a comaker and surety

for the payment of the note, and if he became such through a forgery and deception practiced upon him by Cartwright, it was an act of which the plaintiff was ignorant.

Where one of two innocent persons must suffer by the fraud of a third person, he who trusted the third person and had his trust violated must bear the loss.

Order may be entered striking out the answer of the defendant McGowan, and granting the plaintiff summary judgment, with costs.