### THE STATE *v.* BARBEE.

Sections 22 and 23 of the 4th article of the new constitution of *Indiana*, are to be construed as operating prospectively.

Local laws which were in existence at the time said constitution took effect, and were not inconsistent with it, were expressly continued in force by it.

*Thursday,
January 22,
1852.*

ERROR to the *Marion* Circuit Court.

PERKINS, J.—This is an indictment, found at the *December* term, 1851, of the *Marion* Circuit Court, against *Sampson Barbee*, for retailing a spirituous liquor in a less quantity than a quart, without license. It is based upon section 93, p. 979, of the R. S. 1843, which enacts that every person who shall so retail any spirituous liquor shall be fined. The indictment was quashed in the Circuit Court, on the ground that the section of the statutes above referred to, was local in its operation, and hence was abrogated by the new constitution, adopted in *August*, 1851.

It is admitted that said section was general in its operation, on its enactment; but it is claimed that it had been rendered local before the adoption of the new constitution, by being repealed as to one or more of the counties in the state.

Conceding for the present, for the sake of the argument, that this latter position is correct, we proceed at once to the question, whether the new constitution, on coming into force, did repeal or abrogate the existing local statutes of the state, in the cases specified in the 22d section of the 4th article of said constitution.

The question is important and deserves careful consideration.

Said section 22 is as follows:

" The general assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

" Regulating the jurisdiction and duties of justices of the peace and of constables;

" For the punishment of crimes and misdemeanors;

" Regulating the practice in Courts of justice;

" Providing for changing the venue in civil and criminal cases;

" Granting divorces;

" Changing the names of persons;

" For laying out, opening, and working on, highways, and for the election or appointment of supervisors;

" Vacating roads, town plats, streets, alleys, and public squares;

" Summoning and impanneling grand and petit juries, and providing for their compensation;

" Regulating county and township business;

" Regulating the election of county and township officers, and their compensation;

" For the assessment and collection of taxes for state, county, township, or road purposes;

" Providing for supporting common schools, and for the preservation of school funds;

" In relation to fees or salaries;

" In relation to interest on money;

" Providing for opening and conducting elections of state, county, or township officers, and designating the places of voting;

" Providing for the sale of real estate belonging to minors or other persons laboring under legal disabilities, by executors, administrators, guardians, or trustees."

The 23d section of said 4th article of said constitution is as follows:

" In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the state."

Nov. Term,
1851.

The State
v.
Barbee.

It is contended that local laws, in the cases enumerated in said section 22, and in other like cases, existing at the coming into force of the new constitution, were inconsistent with said section 23, and were, therefore, abrogated by it.

It will hence be necessary here to inquire whether said 23d section is to be construed prospectively, or as having an immediate operation upon existing laws.

Section 22 is plainly prospective; plainly a restriction upon the powers of future legislatures; and we think section 23 should be construed to have a like operation with section 22. Both sections are upon the same subject. Indeed, section 23 seems to be but a conclusion to section 22, expressing affirmatively, in general terms, the principle established by the latter section, and extending that principle to any and all cases where it may be applicable, that might have been overlooked in the enumeration in section 22. Section 22 declares that, in certain cases, laws shall not be local; and section 23 simply declares how, or what, in those, and the like cases, laws shall be, viz., general and uniform. And the question is, when are they to be general and uniform? It seems to us, when a legislature, under the new constitution, shall enact laws in said cases. It would be unreasonable to suppose that the convention intended they should be so, before the power existed that could make them thus. In fact, they cannot be till then. The construction given the section by the Circuit Court can produce the uniformity no earlier. The only effect of that construction is to leave us without laws, in the enumerated, and other like cases, till uniform laws are enacted by a legislature. The constitution itself provides no laws in said cases, and yet it declares that the laws, *in these cases*, shall be uniform in operation throughout the state; thus contemplating the existence of positive laws in these very cases, and referring, by its very terms, to the future, when such uniform laws can be enacted. The section of the constitution in question does not say that existing local laws in said cases are abrogated by it, but that the laws in them shall be uniform. Yet

the construction given below to the section, makes it abrogate said local laws, and does not substitute in lieu of them uniform laws, but the absence of all laws, which is not contemplated by the section. We say it substitutes the absence of all laws in said cases. Take one of the enumerated cases as an example—that "regulating the practice in Courts of justice." A general law may have been passed operating all over the state. Subsequently, it may have been repealed, and a different law enacted as to a particular county. This, according to the decision below, renders both laws local. The new constitution comes into force, and abrogates both. It substitutes no new uniform law governing the practice, and the consequence is, we have no law upon the practice of the law. So in relation to the laying out, and working on, highways; the jurisdiction and duties of justices of the peace and constables; summoning jurors; regulating county business; the assessment of taxes; the supporting of common schools, and preservation of school funds, &c.

We are satisfied that sections 22 and 23, of article 4, of the constitution, should be construed to operate prospectively.

This being the case, the next question presented is, whether local laws existing at the taking effect of the new constitution, are inconsistent with provisions in said constitution prohibiting the passage, by future legislatures, of local laws. We do not understand the affirmative of this proposition to be contended for, and we think it cannot be successfully.

Existing local laws, then, being not inconsistent with the present constitution, are expressly continued in force by it. The first provision of the schedule annexed to said constitution, as a part thereof, declares: "That no inconvenience may arise from the change of the government, it is hereby ordered as follows: First; all laws now in force, and not inconsistent with this constitution, shall remain in force until they shall expire or be repealed."

It is the unanimous opinion of this Court that the decision of the Court below must be reversed.

In the course of this opinion, we have conceded for the purposes of this case, that the law under which this indictment was found, had been rendered local by its repeal in one or more counties; but we do not wish to be understood as deciding the point. It is not material to the final disposition of this cause, and hence does not properly arise for decision in it. If the law was not rendered local, it has plainly not been abrogated; nor has it, as we have decided, if it was rendered local.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. S. Gooding*, for the state.

*H. C. Newcomb*, for the defendant.