# ARTHUR B. MEEKER *et al.*

## *v.*

## THE CHICAGO CAST STEEL COMPANY.

1. EVIDENCE—*sufficiency to prove values.* In trover for the conversion of steel ingots, there was no direct proof of their market value at the time of the conversion, but it was proved that steel made from such ingots was worth a certain sum per pound, and how much it would cost to convert the ingots into merchantable steel: *Held*, that the proof furnished sufficient data to enable the jury to approximate the value of the ingots by taking the cost of converting them into steel from the market value of merchantable steel.

2. PRIVATE CORPORATION—*corporate existence, how tested.* The regularity of the organization of a corporation can not be questioned in a collat-

eral way. If franchises not granted by statute have been usurped, the inquiry must be made by a direct proceeding to seize the franchises to the people, and dissolve the corporation.

3. CORPORATIONS—*new constitution does not repeal statute relating to private corporations.* Section 1, of article 11 of the constitution of 1870, was not designed to repeal the general law on the subject of private corporations in force prior to the adoption of the constitution, and all corporations framed under such law after the adoption of the constitution, are valid and effectual.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. FREDERIC ULLMAN, for the appellants.

Messrs. GARDNER & SCHUYLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, in the circuit court of Cook county, in trover for four hundred and eleven cast steel ingots, brought by the Chicago Cast Steel Company, plaintiff, and against Arthur B. Meeker and William L. Brown, defendants. There was a trial by jury, on the plea of not guilty and of *nul tiel corporation,* which resulted in a verdict for the plaintiff, and the damages assessed at thirty-two hundred dollars. A motion for a new trial was denied, and judgment rendered on the verdict, to reverse which the defendants appeal.

Appellants make, as their principal point, the absence of legal and competent evidence to sustain the verdict, and herein is involved the ruling of the court in admitting evidence of the value of the ingots. Law is not one of the exact sciences, nor can damages sued for be measured by mathematical rule. Approximation is all that can be attained. Here, no witness testified to the market value of steel ingots at the time of the alleged conversion, but evidence was given to the jury from which they had a right to draw their own inference of value. There was no market value of ingots at the time of the conversion of these in controversy, but it was proved that steel made from these ingots was worth a certain sum per pound in

market, and then it was proved how much it would cost to convert the ingots into merchantable steel. Taking this cost from the market price of merchantable steel, gives a fair approximation of the value of the ingots. Data were furnished the jury from which they would be able to determine the value of the ingots. Their determination will not be disturbed.

The point argued under the plea of *nul tiel corporation*, is not much pressed by appellants. It has been settled, by repeated decisions of this court, that the regularity of the organization of a corporation can not be questioned in a collateral way. If franchises not granted by statute have been usurped, the inquiry must be made by a direct proceeding to seize the franchises to the people, and dissolve the corporation. *Rice* v. *Rock Island and Alton R. R. Co.* 21 Ill. 95; *Goodrich* v. *Reynolds et al.* 31 ib. 490. We are of opinion, section 1 of article 11 of the constitution of 1870, did not repeal, and was not designed to repeal, the general law on the subject of private incorporations in force prior to the adoption of the constitution, and all incorporations framed under such law after the adoption of the constitution, are valid and effectual.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*