[No. 7,639.—Department Two.]

## EDWARD McGARY *v.* MIGUEL de PEDRORENA et al.

Amendment of Complaint—Service of Amendment—Practice.—In order to give effect to both of sections 432 and 472 of the Code of Civil Procedure, it must be held that the former applies to amendments made before answer filed, and before the trial of an issue of law upon a demurrer; and that the latter applies to amendments made after answer filed, or after the trial of an issue of law upon a demurrer. Under the latter section, as it stood prior to the amendment of March 9th, 1880, service of the amendment upon the defendants was not required unless ordered by the Court.

Id.—Id.—Id.—Judgment by Default—Bill of Exceptions—Appeal.—In an action for foreclosure against P., the mortgagor, and M. and others,

the former appeared and the other defendants made default, and afterwards the complaint was amended and judgment entered against all the defendants. On appeal by the defendants P. and M., it appeared by a bill of exceptions taken by the former, that when the case was called he objected to a trial, on the ground that the other defendants had not been served, and that it was admitted that this was the case. *Held,* that the defendant P. could not take advantage of the failure to serve the amendment upon the other defendant, and that the defendant M. could not avail himself of the exception taken by P., and consequently that no error as to him appeared upon the judgment roll.

Appeal from a judgment for the plaintiff in the Eighteenth District Court, County of San Diego. McNealy, J.

*Brunson & Wells* and *A. B. Hotchkiss,* for Appellants.

Where, after the default of one of several defendants, the plaintiff amends in matter of substance, he in effect opens the default, and must serve his amended pleading upon all the parties, including the defaulting defendant. (*People* v. *Woods,* 2 Sandf. 652; *Allaben* v. *Wakeman,* 10 Abb. Pr. 162. An amended complaint must be served on all the adverse parties, who are to be bound by the judgment, whether it materially affects them or not, and a decree entered without such service is erroneous. (*Elder* v. *Spinks,* 53 Cal. 293; *Harriott* v. *Wells,* 9 Bosw. 631; *Union Bank* v. *Mott,* 19 How. Pr. 267.) This is also the rule prescribed by §§ 432 and 472 of the Code of Civil Procedure. The relief, as granted in the decree, is not in conformity with that asked in the complaint served upon McDonald and his defaulting co-defendants, and the same is therefore erroneous. (§§ 580 and 585, Code Civ. Proc.; *Parrott* v. *Den,* 34 Cal. 81; *Gautier* v. *English,* 29 id. 165; *Lamping* v. *Hyatt,* 27 id. 102.)

*Leach & Parker,* for Respondent.

It being a matter of no concern to Pedrorena whether McDonald was served or not, the Court overruled his objection properly. McDonald made no objection and took no exception. The concession was only made to Pedrorena; and McDonald can not avail himself of it for any purpose. It does not appear that McDonald was *not* served with the amended complaint; and the Court having acquired jurisdiction over him by the service of summons, the regularity of all subse-

quent proceedings against him will be presumed in the absence of a bill of exceptions showing the contrary. The decree recites that McDonald's default was duly entered. The proof of service of the amended complaint on McDonald constitutes no part of the judgment roll, and *he* brings no bill of exceptions. (*Catanich* v. *Hayes*, 52 Cal. 338.)

Conceding for the purpose of the argument on McDonald's appeal, that he was not served with the amended complaint, still there was no error; for it was in the discretion of the Court to allow the amendment without the service of any copy. (See § 432, Code Civ. Proc.)

SHARPSTEIN, J.:

The respondent brought an action to forclose a mortgage, and in addition to the mortgagor, Pedrorena, made certain other persons, who are alleged to have, or claim to have, some interest in the premises, which is subsequent and subject to the lien of plaintiff's mortgage, defendants.

Only one of the defendants, Pedrorena, the mortgagor, appeared in the action. He demurred and moved to strike out, and after his demurrer and motion to strike out were overruled, filed an answer to the complaint. Aftewards the plaintiff, by leave of the Court, filed an amended complaint. The defendant, Pedrorena, again demurred and moved to strike out. The demurrer and motion were overruled, and he filed an answer to said amended complaint. Judgment was entered in favor of the plaintiff and against all of the defendants. Two of the defendants, Pedrorena and McDonald, appeal from that judgment. The point upon which they mainly rely as constituting error for which the judgment should be reversed is that a copy of the amended complaint was not served upon McDonald.

It has been held that an amendment to a complaint made "*of course* * * * at any time before answer or demurrer filed, or after demurrer and before the trial of the issue of law thereon by filing the same as amended," must be served upon the adverse party, before his default can be regularly entered. (Code Civ. Proc. § 472; *Elder* v. *Spinks*, 53 Cal. 293.)

But the complaint in this case was not amended "*of course;*"

nor before demurrer filed; nor before the trial of the issue of law thereon.

Section 432 of the Code of Civil Procedure in the chapter relating to demurrers, prior to the amendent of March 9th, 1880, provided that: "If the complaint is amended, a copy of the amendments must be filed, or the Court may, in its discretion, require the complaint as amended, to be filed, and a copy of the amendments to be served upon the defendants to be affected thereby."

. In order to give force and effect to both of these sections of the code, we must hold that § 472 applies to amendments made before answer filed and before the trial of an issue of law upon a demurrer, and that § 432 applies to amendments made after an answer is filed, or after the trial of an issue of law upon a demurrer to a complaint. It is not claimed in this case that the Court required a copy of the amendments to be served upon any of the defendants. They were all regularly served by summons and a copy of the original complaint. Since the entry of the judgment in this case, in the Court below, § 432 has been amended, and the construction which we have given to it applies only to the language of the original section. As to the defendant who answered the amended complaint, service of a copy of it was undoubtedly waived, and it made no difference to him whether the other defendants were served or not.

This question comes before us upon an exception of the defendant Pedrorena to the ruling of the Court, upon his objection "to the trial of the cause at the time on the amended complaint, on the ground that said complaint had not been served on the other defendants," one of whom was McDonald, who did not object to the trial proceeding, or except to the ruling of the Court upon the objection raised by Pedrorena. The objection should have come from one or both of the defendants who had not been served, if from anybody; and as they did not severally or collectively object or except, we can not reverse the judgment as to them or either of them upon an exception taken by a party who had no right to take it for them or either of them. If the decree, as to appellant McDonald, is erroneous by reason of his default not having been regularly entered, that error does not appear upon

the judgment roll; and we can not consider an exception to the ruling of the Court which affected him alone, unless he took the exception, in person or by attorney.

The appellant Pedrorena, who took the exception, can not avail himself of it, for the obvious reason that it was taken to a ruling which in no way concerned him.

No error appearing in the record, the judgment is affirmed.

MYRICK, J., and MORRISON, C. J., concurred.