APRIL TERM, 1904.

## MESTAS v. DIAMOND COAL AND COKE COMPANY.

CONSTITUTIONS, CONSTRUCTION OF—EFFECT OF PROVISION IN CONSTITUTION AGAINST ENACTMENT OF LAWS UPON CERTAIN SUBJECTS—PROSPECTIVE OPERATION—EFFECT UPON EXISTING LAWS—ACTION FOR DEATH BY WRONGFUL ACT—LIMITATION ON RECOVERY.

1. The rule that a provision will operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect, applies with almost, if not quite, equal force to constitutions as well as to statutes.

2. Constitutional provisions to the effect that the Legislature shall not pass certain laws, or that no law upon a certain subject or for a certain defined purpose shall be enacted or passed, operate prospectively only, and, while they prohibit future legislation, they do not affect laws already

in existence, which would be void if enacted subsequently to the taking effect of such constitutional provision.

3. The provision of the constitution that "no law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person" (Art. 10, Sec. 4), operates only upon future legislation, and does not abrogate the statute previously passed limiting the amount of recovery in cases of death, which was valid when passed, has not been otherwise modified or repealed, and the schedule of the constitution having continued in force all laws then in force not repugnant to the constitution.

4. The only effect of said constitutional provision is to prohibit the Legislature, after the taking effect of the constitution, from enacting any law limiting the amount to be recovered in the kind of action designated. It does not repeal or affect previous legislation on the subject.

5. Sections 3448 and 3449, Revised Statutes, 1899, were valid and subsisting statutes on February 25, 1901, and are not in conflict with the constitution.

6. Under said sections, a right of action exists for death by wrongful act.

[Decided April 25, 1904.]                    (76 Pac., 567.)

ON reserved questions from District Court, Uinta County, Hon. DAVID H. CRAIG, Judge.

The facts and questions are stated in the opinion.

*W. L. Maginnis, W. H. Bramel* and *C. C. Dey,* for plaintiff.

The sole question presented in this cause concerns the validity of the so-called Lord Campbell's act of this State.

It is conceded that there was a valid act in the statutes of the Territory of Wyoming, up to the time the territory became·a state. It is contended, however, by defendant, that when the constitution took effect it nullified the entire Lord Campbell's act of the territory, because the provision of the act, limiting the damages recoverable to five thousand dollars, is incompatible with Section 4 of Article 10 of the constitution.

It is further argued for defendant that, inasmuch as Section 4, Article 9, of the constitution, contains an or-

dinance to the effect that a right of action in favor of the party injured shall exist against a person or corporation causing death by wrongful act, and also contains a mandate to the effect that the Legislature, at its first session, provide for the manner in which such action shall be enforced, the belief of the Constitutional Convention that the Lord Campbell's act was nullified by the constitution is clearly expressed.

The same contention was unsuccessfully made by the defendant in the courts of Utah, in one of the cases arising out of the same disaster in question in this case. (Utah Savings & Trust Co. v. Diamond Coal & Coke Co., 73 Pac. Rep., 524.)

It must be conceded that such parts of the Lord Campbell's act as are not nullified by the constitution are valid laws of the State. Section 21 of the enabling act provides: "All laws in force, made by said territory, at the time of its admission into the Union, until amended or repealed, shall be in force in said State, except as modified or changed by this act or by the constitution of the State." Section 3 of Article 21 of the constitution provides: "All laws now in force in the Territory of Wyoming, which are not repugnant to this constitution, shall remain of force until they expire by their own limitation, or be altered or repealed by the Legislature." Section 1 of Chapter 35, Session Laws, 1890-1891, provides: "That all of the Revised Statutes and Session Laws of the years 1888 and 1890 of the Territory (now State) of Wyoming, in so far as they do not conflict with and are not repugnant to the provisions of the constitution of the State of Wyoming, be and the same are hereby declared to be of full force and effect and they are hereby made the laws of the State of Wyoming," etc.

The purpose of the above sections was to provide for the new State a system of laws. They should be given a wide application and liberal construction. No law which is not in its entire scope clearly incompatible with the constitution should be rejected. Where there is a conflict between a law

and the constitution, the constitution should be construed as amendatory of the law to the extent of the conflict. (State v. Dist. Court, 37 Pac., 7 (Mont.) ; Ry. Co. v. Adams, 24 L. R. A., 272 (Fla.) ; Robinson v. Ry., 105 Cal., 526.)

The act is found in Sections 2364a and 2364b of the Revised Statutes of 1887 of the territory. The same act is also found in Sections 3448 and 3449 of the Revised Statutes of 1899 of the State. Section 2364a of the territorial revision (3448 State revision) provides that a person or corporation causing death of a person by wrongful act, neglect or default, shall be liable to an action for damages therefor.

It is not contended that any part of this section is incompatible with the constitution. The next section (2364b of the territorial revision, 3449 of State revision) contains the inconsistent provision, viz: "In every such case the jury shall give such damages as they shall deem fair and just, *not exceeding five thousand dollars,* and the amount so recovered shall not be subject to any debts or liabilities of the deceased; *Provided,* That every such action shall be commenced within two years after the death of such deceased person." In this section only the parenthetical clause *"not exceeding five thousand dollars,"* is in conflict with the constitution.

The inconsistent clause is, in logic as well as in form, a parenthesis set off from the context by commas in both books. It has nothing to do with the right given or procedure prescribed. It merely limits the recovery. It may be stricken out or nullified without affecting the meaning, purpose, completeness or operation of the act in any way, except as to amount of recovery. It is a fundamental principle that in such cases nothing more than the incompatible clause will be held unconstitutional. (Cooley Const. Lim. (6th Ed.), 209, 211; 6 Ency. Law (2d Ed.), 1088, 1089; Scott v. Flowers, 85 N. W., 857 (Neb.) ; Utah S. & T. Co. v. Diamond C. & C. Co., *supra.*) The constitutional provisions, in so far as they affect the act in question, operate in the nature of a repeal by implication, of such por-

tions only of the act as are repugnant to the constitution. (Cass v. Dillon, 2 O. St., 607.) That it was the motive or intent of the Territorial Legislature to pass a law that could not be altered or repealed in part cannot be presumed, yet the entire argument of the defendant is based upon such a presumption. Reduced to its simplest terms, the argument of defendant is based upon the proposition that the repeal of an independent, severable portion of a statute destroys the whole act. The absolute contrary of this proposition is the law. (Bank v. Kahn, 79 Cal., 463; State v. Dist. Court, 37 Pac., 7. (Mont.) ; Loupe v. Smith, 123 Cal., 491; Wood v. U. S., 16 Peters, 342; Connors v. Iron Co., 19 N. W., 938 (Mich.)

Some argument is made to the effect that Section 4, Article 9, of the constitution, shows that the Constitutional Convention believed or thought, or was of the opinion that the Lord Campbell's act was repealed by the constitution, or at least that it was non-existent. There are two answers to this argument: First, Section 4 of Article 9 of the constitution does not, either expressly or impliedly, exhibit the opinion or belief of the convention as to the construction then placed or afterwards to be placed upon the laws and provisions in question here. Second, the opinion or belief of the convention as to these questions is immaterial. To construe laws, statutes and constitutions is a judicial and not a legislative function. (U. S. v. Claflin, 97 U. S., 546; Dist. of Columbia v. Hutton, 143 U. S., 18; Ottawa v. Perkins, 94 U. S., 260; In re Handley, 49 Pac., 829 (Utah.)

*The limitation upon the amount recoverable does not prejudice the defendant.* It works to its advantage. If the court below had limited the amount of recovery to plaintiff's prejudice, plaintiff could then raise the point in this court, but defendant cannot. (McKinney v. State, 3 Wyo., 719; Cooley Const. Lim. (6th Ed.), 196; 6 Ency. Law (2d Ed.), 1090.)

Further argument is made to the effect that Section 1 of Chapter 35, Session Laws 1890-1891, which adopts the ter-

ritorial laws, is not valid because Article 3, Section 26, of the constitution, provides, in effect, that no law shall be revised or amended or extended by reference to its title only.

In view of the provisions of the enabling act and of the constitution, this question is not material. The validity of said law is founded upon a different section of the constitution. (Sec. 24, Art. 3.)

*B. M. Ausherman* and *Richards & Ferry,* for defendant.

Section 4, Article 10, of the constitution, effectually prevents the continuance in effect of Sections 2364a and 2364b, Revised Statutes of 1887. Not only is this so because of Section 2364b containing a limitation on the amount of recovery and in that respect is repugnant to the provision of the constitution, but Section 4, Article 9, of the constitution, providing for a cause of action for death by wrongful act under statehood, similar to that which had existed prior thereto, of course eliminating the features repugnant to the constitution, concludes with the provision: *"And the Legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced."* This is a significant provision—first, because it effectually precludes any idea that the section of the constitution is self-executing, and in express terms provides that there must be future legislation before it becomes effective, and taken in connection with the other provisions, it conclusively establishes that the Constitutional Convention, by its adoption, intended that there should be something other than Section 3, Aricle 21, of the same document, before there could be any effect given to any statute purporting to create a cause of action for death by wrongful act.

The plaintiff may, in the way of an effort to supply the requirements of Section 4, Article 9, call attention to the portion of the law enacted by the First State Legislature, being "An act providing for the adoption of the Revised

Statutes of Wyoming and the Session Laws of Wyoming for the years 1888 and 1890 as the laws of the State of Wyoming."

That act is entirely insufficient to create the right and provide the remedy authorized by Section 4, Article 9, of the constitution, and it is in disregard and directly in conflict with Section 26, Article 3, of the constitution.

The act referred to is not only a violation of the provision, in not setting forth the sections of the Revised Statutes of 1887 sought to be extended, but it does not refer to those sections by reference to title. The Legislature cannot accomplish that beyond the intent and power of the Constitutional Convention. The only legal conclusion is that no statute existed in the State of Wyoming creating the cause of action sought to be enforced in this suit. (State v. Dubuclet, 28 La. Ann., 698; McCullon v. Pike, 7 Kan., 189; Fusz v. Spaunhorst, 67 Mo., 256; Lamb v. Lane, 4 O., 167.)

When the parts of the statute are so mutually dependent and connected as conditions, considerations, inducements or compensations for each other as to warrant a belief that the Legislature intended them as a whole, and that if all could not be carried into effect the Legislature would not pass the residue independently, then if some parts were unconstitutional all of the parts which are thus dependent, conditional or connected, must fall with them. (Campau v. Detroit, 14 Mich., 276; State v. Dousman, 28 Wis., 541; Slauaon v. Racine, 13 Wis., 398; Brooks v. Hydorn, 76 Mich., 273; Ex parte Jones, 49 Ark., 110; Wadsworth v. Ry. Co., 33 Pac., 513.)

*Did the Legislature of the State of Wyoming intend that an action for damages should lie in such cases, irrespective of the amount of recovery?*

The language of the act precludes the idea of any purpose upon the part of the Legislature to provide an action in such cases irrespective of the amount of recovery. The limitation of the amount of the recovery to five thousand dollars is in the nature of a pro-

viso, which is defined to be, "A clause added to a statute or to a section, or a part thereof, which introduces a condition or limitation upon the operation of the enactment, or makes special provision for cases excepted from the general provisions of the law, or qualifies or restricts its generality or excludes some possible ground of misinterpretation of its extent." (Black on Int., 270; Sutherland on Statutory Construction, p. 294, Sec. 222; Church v. Stader, 16 Ind., 463; Voorhees v. Bank, 10 Pet., 471; Endlich on Int., 254-4; Austin v. U. S., 155 U. S., 431; Minis. v. U. S., 15 Pet., 445; Thaw v. Ritchie, 136 U. S., 541; R. R. v. U. S., 139 id., 566; In re Webb, 24 How. Pr., 249; Com'r. v. Keith, 2 Pa. St., 249.)

The right of action given to the personal representative of the deceased is a right of action for damages *not exceeding five thousand dollars*, and no other right of action, and this being repugnant to the constitution of Wyoming, falls.

POTTER, JUSTICE.

This case requires a consideration of the following reserved questions:

First—Was Section 3448 of the Revised Statutes of 1899 a valid and subsisting statute, and in force and effect as the law of the State on the 25th day of February, 1901, and is said statute in any way in conflict with the constitution of the State?

Second—Was Section 3449 of the Revised Statutes of 1899 a valid and subsisting statute, and in force and effect as the law of the State on the 25th day of February, 1901, and is said statute in any way in conflict with the constitution of the State?

Third—On the 25th day of February, 1901, and at the time of the commencement of this action, was there a statute in force in the State of Wyoming creating a right of action for death by wrongful act?

The suit was instituted February 21, 1903, by John Mestas, as administrator of the estate of Joel Lahti, de-

ceased, against the Diamond Coal and Coke Company, a corporation, to recover damages in the sum of $15,000, alleged to have been sustained for the use and benefit of the beneficiaries of said Joel Lahti, deceased, in consequence of his death, though defendant's negligence, while employed as a coal miner in a coal mine owned and operated by defendant in Uinta County, in this State; said death having occurred, as alleged, February 25, 1901. The petition contains averments setting out the acts and omissions of the defendant which are deemed to constitute negligence on its part. It is also averred that said Lahti was 26 years of age at the time of his death, and left surviving him a wife aged 23 years, and two daughters, aged three years and one year, respectively, all of whom were dependent upon the deceased for maintenance, support and education; and that said deceased was, prior to his death, of good health and strength and industrious habits, was able to support himself and family well, and was earning about eighty dollars per month.

The reserved questions arose upon the consideration of a general demurrer to the petition. It was stipulated in writing, upon the submission of the demurrer, that the only point raised thereby is that there is not and was not on February 25, 1901, any statute of this State authorizing an action for the benefit of heirs and next of kin by the legal representative of a person killed by wrongful act.

The sections of the statute mentioned in the reserved questions are as follows:

"Sec. 3448. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof; then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been

caused under such circumstances as amount in law to murder in the first degree, or manslaughter."

"Sec. 3449. Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount recovered in any such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate. In every such case, the jury shall give such damages as they shall deem fair and just, not exceeding five thousand dollars, and the amount so recovered shall not be subject to any debts or liabilities of the deceased; *Provided,* That every such action shall be commenced within two years after the death of such deceased person."

The act containing these two sections was enacted by the legislative assembly of the Territory of Wyoming December 16, 1871, and, without change and unrepealed, they have been continued as a part of the statute law of the territory and State, unless they are to be considered as abrogated or repealed through the operation of certain provisions of the constitution which took effect July 10, 1890, upon the admission of Wyoming as a State. At that time the sections were embraced in the Revised Statutes of 1887 as Sections 2364a and 2364b, respectively.

The constitutional provisions that are deemed to affect the question involved are as follows:

"For any injury to person or property caused by wilful failure to comply with the provisions of this article, or laws passed in pursuance hereof, a right of action shall accrue to the person injured, for the damage sustained thereby, and in all cases in this State, whenever the death of a person shall be caused by wrongful act, neglect or default, such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death

of the person injured, and the Legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced." (Art. 9, Sec. 4.)

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employe waiving any right to recover damages for causing the death or injury of any employe shall be void." (Art. 10, Sec. 4.)

"All laws now in force in the Territory of Wyoming, which are not repugnant to this constitution, shall remain in force until they expire by their own limitation, or be altered or repealed by the Legislature." (Art. 21, Sec. 3.)

"The Legislature shall pass all necessary laws to carry into effect the provisions of this constitution." (Art. 21, Sec. 14.)

The constitutional provision first above quoted, viz: Section 4 of Article 9, is found in the article relating to Mines and Mining, while the provision prohibiting the enactment of a law limiting the amount of recovery for causing the injury or death of any person is found in the article relating to Corporations. The other provisions are contained in the article known as the schedule, which embraced various provisions to prevent inconvenience in changing from territorial to permanent state government.

Both parties to this case assume without argument that the clause in Section 3449 limiting the amount of recovery to five thousand dollars is repugnant to Section 4 of Article 10 of the constitution, which prohibits the enactment of any law limiting the damages to be recovered in such an action.

Relying upon that proposition, counsel for defendant insist that the remainder of the section and all of the preceding section fall with the implied repeal of the clause aforesaid; and that Section 4 of Article 9, which provides that there shall be a right of action in case of death by wrongful act, neglect or default, is ineffective without subsequent legislation regulating the manner in which the right shall be enforced. In other words, it is strenuously

argued that the section is not self-executing, and that, since there has been no legislation to carry its provisions into effect, and the former statute is void because of the repugnancy to Section 4 of Article 10 of the limitation clause, there is no provision of law giving the right to bring such an action as the one at bar.

On the other hand, plaintiff's counsel argue that the remainder of the statute (Sections 3448 and 3449) is not avoided or affected by the repugnancy of the limitation clause to the constitutional prohibition aforesaid. They insist that the provisions creating the right of action still continue in force, and that the statute now authorizes such an action without any limitation upon the amount of damages that may be recovered. They seem to further contend that so much of the said statute as is not repugnant to the constitution was practically re-enacted by Chapter 35 of the laws of 1890-1891 (the first session of the State Legislature), which declared that all of the Revised Statutes (1887) and Session Laws of the years 1888 and 1890 of the territory in so far as they do not conflict with, and are not repugnant to the provisions of the constitution, were in full force and effect, and were made the laws of the State except in so far as they have been, or may be, repealed, or amended and re-enacted by the Legislature of Wyoming.

Granting the soundness of the proposition that the limitation clause in Section 3449 is repugnant to the constitution, and, therefore, void, the question presented as to whether it would leave us with any statute permitting such an action at all, would be interesting and no doubt difficult.

Notwithstanding that the able counsel representing both parties in this case seem to agree that the provision limiting the amount of recovery is void, we thing the responsibility attaching to this tribunal as the court of last resort on all questions relating to the validity and interpretation of the statutes of this State, cannot well be avoided by accepting the opinion of counsel as correct without giving the matter at least some consideration. We do not question the abso-

lute sincerity of counsel, but their arguments must be viewed in the light of the supposed interest of the respective parties. The defendant is willing to concede the alleged repugnancy, since thereby it feels able to successfully maintain the entire absence of liability on its part, while with a confidence in the validity of the remainder of the statute, the plaintiff seeks to recover damages unhampered by any statutory limitation.

There has been no decision of this court holding the limitation clause to be void, and we are not aware that it has been so held by any court in this State. The question has not previously been before this court. But we understand that it has been directly passed on in two unreported cases in the Federal Court for this district, and it was there held that there was no repugnancy between the statutory limitation and the constitutional provision, for the reason that the latter in terms prohibited future legislation only, and hence the entire statute was continued in force by virtue of the provision of the schedule above quoted. The question was first decided by Circuit Judge Caldwell in charging the jury in the case of Callahan, adm'x., v. Receivers U. P. Ry. Co. (July 12, 1895), and later by Judge Riner, the District Judge, upon a motion in the case of Nisbet, as adm'r., v. Kilpatrick et al (February 20, 1902). The motion in the case was to require the petition to be amended by reducing the amount of damages alleged to $5,000, the largest sum recoverable under the statute, and it was sustained.

It is evident that, unless the limitation clause is void, the entire statute is valid, and a right of action exists, but subject to the limitation as to amount of recovery. We conceive it necessary, therefore, to inquire whether the proposition maintained by counsel in that respect is on reason and authority sound, and warranted by a proper interpretation of the constitutional provision which is deemed sufficient to cause the alleged conflict.

In the first place, we believe it well settled in our jurisprudence that the rule applies with almost, if not quite,

equal force to constitutions as well as to statutes that a provision will operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect. (Cooley's Const. Lim., 62; Garrick v. Chamberlain, 97 Ill., 620, 633; -8 Cyc., 745, 747; County of Allegheny v. Gibson, 90 Pa. St., 397; N. C. Coal Co. v. C. & I. Co., 37 Md., 557.) And by a long line of decisions it has been uniformly held that constitutional provisions to the effect that the Legislature shall not pass certain laws, or that no law upon a certain subject or for a certain defined purpose shall be enacted or passed, operate prospectively only, and while they prohibit future legislation, they do not affect laws already in existence, which, however, would be void if enacted subsequently to the taking effect of the constitution containing a prohibitive provision expressed in that manner. (State ex rel. v. Lamoureux, 3 Wyo., 731; Board of Commissioners of Fremont Co. v. Perkins et al., 5 Wyo., 166; County of Allegheny v. Gibson, 90 Pa. St., 397; Lehigh Iron Co. v. Lower Macungie Tp., 81 Pa. St., 482; Perkins v. Slack, 86 Pa. St., 270; Cass v. Dillon, 2 O. St., 607; Com'rs. v. Nichols, 14 O. St., 260; Allbyer v. State, 10 O. St., 588; People ex rel. v. Board, &c., 6 Colo., 202; Slack v. Maysville & L. R. Co., 13 B. Mon., 1; State ex rel. v. Macon Co. Court, 41 Mo., 453; State v. Barber, 3 Ind., 258; State v. Thompson, 2 Kan., 432; Supervisors v. Galbraith, 99 U. S., 214; New Cent. Coal Co. v. Coal & Iron Co., 37 Md., 537; Covington v. East St. Louis, 78 Ill., 548; Meeker v. Chicago Cast Steel Co., 84 Ill., 276; Garrick v. Chamberlain, 97 Ill., 620; People v. Ry. Co., 89 N. Y., 75; City of Covington v. Dist. of Highlands (Ky.), 68 S. W., 669; Douglass v. Harrisville, 9 W. Va., 162; State v. O'Neil Lumber Co., 170 Mo., 7; Winston v. State, 32 Tex. Cr., 59.)

The schedule of the constitution (Art. 21, Sec. 3) expressly continued in force all laws then in force in the territory which were not repugnant to the constitution. The only provision of the constitution furnishing any basis for

the alleged repugnancy is that embraced in Section 4 of Article 10, which declares that "*no law shall be enacted* limiting the amount of damages to be recovered for causing the injury or death of any person." In view of the quite uniform construction placed upon similar language in the various state constitutions, as well as the evident meaning of the words themselves, we think it must be held that the prohibition operates only upon future legislation. As the constitution then merely commands that the Legislature of the State shall not pass such a law, it cannot reasonably be said that a law previously passed and already in force, and which was valid when passed, and had not been modified or repealed, was obnoxious to the constitutional prohibition. Hence, it would be continued in force by virtue of the section in the schedule above referred to.

This question as affecting another statute has been heretofore considered in two cases by this court. In State ex rel. v. Lamoureux et al., 3 Wyo., 731, the question was whether the town of Lander had been legally incorporated, without the consent of a majority of the electors residing within the district incorporated. The constitutional provision invoked to defeat the incorporation is contained in Section 2 of Article 13. It is there provided that no municipal corporation shall be organized without the consent of the majority of the electors residing within the district proposed to be incorporated. It was held that said section, in connection with the preceding section, was to be construed as prohibiting legislation authorizing such incorporation without such consent; and that the provision referred to authorized and limited future legislation. And, therefore, it was concluded that they did not defeat the operation of previously existing laws permitting incorporation without a submission of the matter to a vote of the electors.

The constitution contains provisions for the formation and organization of new counties; and it was held that the provisions are prospective and not retroactive in their operation, and that the legislation it speaks of is future and not

past legislation. (Board of Com'rs. v. Perkins, 5 Wyo., 166.)

In Slack v. Maysville & L. R. Co., *supra*, it was said by the Kentucky Court of Appeals in discussing this question: "If the act was valid under the former constitution, it was not invalidated by the subsequent withdrawal or restriction of the power to pass similar acts in future. A mere restriction upon the future exercise of an acknowledged legislative power does not of itself affect any act already done under a valid exercise of that power, nor necessarily impair any right or authority conferred by it. Such restriction operates upon the legislative power as afterwards to be exerted, and not upon any past exertion of it."

The constitution of Missouri provided that "the general assembly shall not authorize any county, city or town to become a stockholder in, or to loan its credit to, any company, association or corporation, unless two-thirds of the qualified electors * * * shall assent thereto." And all statute laws then in force were continued in force by another provision if they were not inconsistent with the constitution. It was held that the restriction above quoted was a limitation on the future power of the Legislature and was not intended to retroact so as to have any controlling application to laws in existence when the constitution was adopted. (State ex rel. v. Macon Co. Court, *supra*.)

In Colorado the constitution prohibits the Legislature from passing special or local laws on the subject of the removal of county seats, and it was contended that a local special law previously passed for the removal of a county seat was void as in conflict with the constitution. It was, however, held, in view of the weight of current authority on the question, that the constitutional prohibition did not annul or affect existing laws of the character prohibited. (People ex rel. v. County Com'rs., *supra*.) And there are numerous cases to the same effect under a similar constitutional provision.

In Maryland it was held that the prohibition of the constitution against the creation of corporations by special act, except in particular cases, was intended to operate only upon future legislation, and did not repeal previous legislative acts, nor defeat the incorporation of a company which had not accepted its charter until after the adoption of the constitution embracing such prohibition. (New Cent. C. Co. v. C. & I. Co., *supra*.)

The constitutional provision considered in Supervisors v. Galbraith, 99 U. S., 214, was of the same character as that involved in the Missouri case of State v. Macon County Court, *supra*, and it was said by the court that the language of the section is wholly prospective, and is a restraint upon the Legislature.

The question has been before the courts of Pennsylvania in a number of cases, many of which are referred to in County of Allegheny v. Gibson, *supra*. In the case of Perkins v. Slack, 86 Pa. St., 270, the court had under consideration the effect upon previous laws of a constitutional provision prohibiting the Legislature from delegating to any special commission any power to make, supervise or interfere with any municipal improvement, &c. It was held to speak for the future only, and was not intended to derogate from the powers granted to special commissions created prior to the adoption of the constitution.

We might pursue the discussion by specific references to more of the authorities, but we apprehend that we have gone far enough in that direction to illustrate our view of the constitutional provision. We are clearly of the opinion that it has no further effect than to prohibit the Legislature after the taking effect of the constitution from enacting any law limiting the amount to be recovered in the kind of action designated. It does not repeal or affect previous legislation on the subject.

When the Constitutional Convention met, the provision in question had been on the statute books of the territory for many years. Its existence must have been known to

the members of that body, among whom were many lawyers and others quite familiar with the statute laws of the territory.  Had it been designed or intended not only to lay a restriction upon future legislation, but also to abrogate the existing statute, they could, and it is reasonable to assume that they would have done so by the employment of apt language clearly expressive of such a purpose.

We have not overlooked the case of Utah Savings and Trust Co. v. Diamond Coal & Coke Co., decided by the Supreme Court of Utah.  (73 Pac., 524.)  While it appears that the court in that case treated the limitation provision in Section 3449 as void for repugnancy with the constitution, we think it apparent that the attention of the learned court was not particularly invited to a consideration of the precise question.  The judgment appealed from was for $750, and it is quite probable that the repugnancy was conceded, and that the points mainly discussed were whether that left any statute authorizing the action.  Upon that question the conclusion of the court was that the repugnancy of the limitation clause did not prevent the remainder of the statute from continuing in force.

It has not been suggested that any other part of Sections 3448 and 3449 is for any reason obnoxious to the constitution.  We are, therefore, of the opinion that said sections were valid and subsisting statutes in force and effect as the law of this State on February 25, 1901, and are not in any way in conflict with the constitution of the State; and it follows that on said date, and at the time of the commencement of this action, there was a statute in force creating a right of action for death by wrongful act.

CORN, C. J., and KNIGHT, J., concur.