[Crim. No. 123. Third Appellate District.—December 24, 1909.]

In re RAY COLE and JOE RUISE, on Habeas Corpus.

COUNTY ORDINANCE—PROHIBITION OF FISHING BY SEINE OR NET—VALIDITY—VIOLATION—HABEAS CORPUS.—Persons charged with violation of a county ordinance prohibiting the casting of any seine or net for the catching of fish in any river, stream or slough within the county limits, which is valid, and not inconsistent with any constitutional provision, cannot be discharged upon *habeas corpus*.

ID.—ORDINANCE NOT REPEALED BY CONSTITUTIONAL AMENDMENT AS TO FISH AND GAME LAWS.—The amendment to the constitution in 1902 by adding section 25½ of article IV, giving to the legislature power to divide the state into fish and game districts and to enact laws for their protection, is neither self-operative nor retrospective, and does not repeal or affect the validity of a prior county ordinance.

ID.—EXCEPTIONS IN CONSTITUTION OF PRIOR LAWS APPLICABLE TO AMENDMENTS.—The exceptions in article 22 of the state constitution of all laws in force at the time of its adoption, and the continuance of them in operation, apply with equal force to all laws in force at the time of the adoption of an amendment to the constitution.

ID.—PROSPECTIVE CONSTRUCTION OF STATUTES AND CONSTITUTIONS.—It is a well-settled rule of construction applicable alike to constitutions and statutes, that they are to be considered prospective and not retroactive in their operation, unless a contrary intention clearly appears.

PETITION for discharge upon writ of *habeas corpus,* under a charge of violation of an ordinance of Sonoma County.

The facts are stated in the opinion of the court.

Ross Campbell, for Petitioners.

Clarence F. Lea, District Attorney of Sonoma County, and G. W. Hoyle, Deputy District Attorney, for People, Respondent.

BURNETT, J.—Petitioners were charged with the violation of an ordinance entitled "An ordinance prohibiting the casting, extending or setting of any seine or net of any kind for the catching of any fish in any river, stream or slough in the county of Sonoma," and passed by the board of supervisors of said county on the fourteenth day of February, 1899.

The authority of the board to enact said ordinance, its validity when enacted, the sufficiency of the complaint charging the offense and the regularity of the proceedings culminating in the arrest of petitioners are all unchallenged. Petitioners' only contention is that said ordinance has been abrogated by section 25½ of article IV of the constitution of the state, adopted as an amendment in 1902. Said amendment is as follows: "The legislature may provide for the division of the state into fish and game districts, and may enact such laws for the protection of fish and game therein as it may deem appropriate for the respective districts."

It is admitted that the legislature has taken no action in pursuance of said amendment, and as the provision itself is not self-operative, it is impossible to hold that by the terms of said amendment the ordinance involved herein has been repealed. The most that could be urged by petitioners is that the power to regulate the pursuit of fish and game has been taken away from the board of supervisors and given exclusively to the legislature. But conceding without deciding this, it is manifest that the said amendment is prospective and not retrospective in its operation, and it does not expressly, nor can it be held by implication to affect any prior legislation by the board of supervisors valid at the time of its enactment. Article 22 of the constitution

provides: ''That no inconvenience may arise from the alterations and amendments in the constitution of the state, and to carry the same into complete effect, it is hereby ordained and declared: Sec. 1.   That all laws in force at the adoption of the constitution, not inconsistent therewith, shall remain in full force and effect until altered or repealed by the legislature; and all rights, actions, prosecutions, claims and contracts of the state, counties, individuals, or bodies corporate not inconsistent therewith shall continue to be as valid as if the constitution had not been adopted.''   The same rule must, of course, apply to amendments to the constitution, and the principle is indorsed in many decisions and, indeed, hardly needs authority in its support.

In *Gurnee* v. *Superior Court*, 58 Cal. 91, it is said: ''It is a well-settled rule of construction, applicable alike to constitutions and statutes, that they are to be considered prospective and not retrospective in their operation, unless a contrary intention clearly appears.''

In *Ex parte Burke*, 59 Cal. 8, [43 Am. Rep. 231], in reference to a similar condition, it is said: ''At the time the law in question was passed there was no constitutional objection to special and local legislation.   This was held by the supreme court in the very early case of *Ryan* v. *Johnson*, 5 Cal. 87, and the same doctrine was again laid down in the case of *People* v. *Central Pacific R. R. Co.*, 43 Cal. 398. When the act was passed it was a valid act, even conceding for the purposes of the argument that it was a special law, as is claimed in this case.   The question therefore arises, Was the act abrogated by the provisions of the new constitution referred to above?   The language of section 25, article 4, is that 'the legislature shall not pass local or special laws.'   The constitutional inhibition manifestly applies to future and not to past legislation.   The provision is purely and simply prospective in its operation and the words will not justify any other construction.   It did not, therefore, operate as a repeal of acts passed by the legislature years before the constitution went into effect, but merely put a stop to all future legislation of that objectionable character. If authority were required in support of this view, it will be found in the following cases: *State* v. *Barbee*, 3 Ind. 258; *Knight* v. *State*, 24 Ind. 28; Cooley's Constitutional Limitations, 76.''

We see no necessity for further quotation in support of a proposition that seems so plain. None of the cases cited by petitioners affords any support to their contention.

The petitioners are remanded.

Hart, J., and Chipman, P. J., concurred.