STATE *EX REL.* MILFORD v. BROCK.

1. SCHOOL DISTRICT—BONDS.—Where a special school district is first
called by the county superintendent of education No. 34, and after-
wards by him, at request of citizens, as "Gantt School District No.
34," and upon levy of special tax is designated on the books as
"Gantt School District," is so denominated by state superintendent
of education in his reports, and by the General Assembly in author-
izing an issue of bonds by special act, bonds issued thereunder are
valid obligations of School District No. 34, and of "Gantt School
District."

2. SPECIAL ACTS—SCHOOL DISTRICT—BONDS.—An act authorizing a
school district to issue bonds to erect a school building is not viola-
tive of article III., sec. 34, of Con., providing that no special law
shall be enacted where a general law could be made to apply.

Petition in the original jurisdiction of this Court by J. C.
Milford, L. A. Brock and R. M. Shirley for injunction
against M. I. Brock, L. M. Wilson, and B. L. Gassaway,
trustees of School District No. 34, to restrain the sale of
bonds for erecting a school building.

*Messrs. Tribble & Prince,* for petitioners.

*Messrs. Bonham & Watkins,* contra.

June 3, 1903. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. This is a proceeding in the
original jurisdiction of this Court on the part of the plain-
tiffs, as citizens, residents, freeholders and taxpayers in the
town of Honea Path, in the State of South Carolina, against
the defendants, as trustees of School District No. 34, of

Anderson County, whereby they, the plaintiffs, seek a writ of injunction against the defendants to prevent them from issuing and selling $8,000 of bonds of the Gantt School District for the purpose of erecting and equipping school building at Honea Path, in said school district. This matter came on to be heard by this Court on the 25th May, 1903, on the complaint and answer of the parties hereto and the agreed statement of facts. It will only be necessary to reproduce herein the said statement of facts, which is as follows:

"It is mutually agreed by and between Tribble & Prince, as attorneys for relators, and Bonham & Watkins, as attorneys for respondents, in the above entitled proceedings, that the following are the facts for the hearing of this matter in the Supreme Court:

"1. That the relators are citizens, residents and taxpayers in the town of Honea Path, South Carolina, which town is embraced within the boundaries of the school district referred to in the petition; and that the respondents above named are the trustees of School District No. 34 for Anderson County, South Carolina.

"2. That on the 15th day of May, 1900, on the petition of the requisite qualified electors residing in the proposed school district, the county board of education for Anderson County, South Carolina, set off by metes and bounds a special school district within the township of Honea Path; and when so set off it was called School District No. 34 for Anderson County, South Carolina, there already having been previously created thirty-three school districts in said county.

"3. That said school district, after it had been created and designated by metes and bounds as No. 34 for Anderson County, was by the superintendent of education for said county, at the request of citizens in the territory embraced in said school district, named 'Gantt School District,' and was entered upon the books of the said superintendent of education for Anderson County as 'Gantt School District No. 34.'

"4. That thereafter on the vote of the qualified electors within the territory embraced within said special school dis-

trict, which included the town of Honea Path, S. C., a special tax was levied to supplement the school funds of said school district, and was entered upon the books of the auditor of Anderson County as special tax in 'Gantt School District.'

"5. That said school district is known and designated on the books of the treasurer of Anderson County as 'Gantt School District.' It is also known and designated in the records of the office of the state superintendent of education for South Carolina as 'Gantt School District;' and was so designated in the annual report of said officer for the years 1901 and 1902.

"6. That the General Assembly of South Carolina by 'An act entitled an act to authorize the trustees of Gantt School District of Anderson County to issue bonds for the purpose of erecting a school building and equipping the same,' approved February 20th, 1903, authorized the trustees of 'Gantt School District' of Anderson County to issue and sell coupon bonds of said school district in an amount not exceeding $8,000, as they may deem necessary for the purpose of erecting and equipping a school building at Honea Path, in said district, if said trustees shall deem it advisable: *Provided,* That the question of issuing bonds authorized in this section, which was section 1 of said act, shall first be submitted to the qualified voters of said school district at an election to be held to determine whether or not said bonds shall be issued as hereafter provided.

"7. That the other provisions of said act are substantially correct in paragraphs 6, 7 and 8 of the petition herein.

"8. That the respondents, who are the trustees of School District No. 34 for Anderson County, which school district is now known and recognized by the school authorities of State and county as 'Gantt School District,' pursuant to the authority vested in them by the aforesaid act of the General Assembly of South Carolina, ordered an election to be held on the 7th day of April, 1903, at Honea Path, within said school district, at which election a majority of the qualified voters voting in said election voted for the issuing of coupon

bonds for the purpose of building and equipping a school house at Honea Path, S. C., as authorized by the act aforesaid.

"9. That after the result of said election had been duly ascertained and declared by the terms of the act aforesaid, the respondents, as trustees of School District No. 34 for Anderson County, commonly known and designated as 'Gantt School District,' issued coupon bonds of said school district in the aggregate sum of $8,000, which bonds are to run for thirty-five years, and to bear interest at five per cent. per annum, payable annually, and the respondents, as trustees for said school district, negotiated a sale for such bonds, and have not yet transferred them to the prospective purchasers and have not yet received the purchase price therefor.

"10. That the special school district in Honea Path Township, Anderson County, S. C., which was created by the county board of education for Anderson County, on the 15th day of May, 1900, without a name, was by said board named No. 34, and was thereafter designated by the superintendent of education for Anderson County as 'Gantt School District No. 34.' And it is agreed that there is not in Anderson County any other school district known or designated by the name of Gantt."

There are two questions presented by the petitioners:

1. Can the school district "Gantt," named in the act of the legislature authorizing the trustees of the school district to issue and sell $8,000 of bonds for the purpose of erecting and equipping a school house at Honea Path, in Anderson County, S. C., be considered as the name of the School District No. 34 of said county of Anderson, S. C.?

2. Does the act of the legislature, entitled "An act to authorize the trustees of Gantt School District of Anderson County to issue bonds for the purpose of erecting a school building and equipping the same," contravene section 34, of article III., of the Constitution of this State, adopted in 1895, forbidding the passage of any legislation as special legislation where an act of a general nature could have been passed?

We will examine and pass upon these two questions in their order.

1. The agreed statement of facts in this proceeding shows that when the citizens of Honea Path Township, on the 15th May, 1900, applied to the school authorities of Anderson County, in this State, for a special school district, such school authorities set by metes and bounds a school district within the township of Honea Path, in said county of Anderson, S. C., embracing the town of Honea Path, in the county of Anderson, S. C., and when so set off it was numbered by such school authorities "School District No. 34," there being already thirty-three school districts in said county. That thereafter, at the request of the citizens of Honea Path, the said School District No. 34 was named "Gantt School District" by the county superintendent of education of Anderson County, and was entered upon the books of such county superintendent as "Gantt School District No. 34." That thereafter, when a special school tax was voted by the citizens of the territory of such school district, such tax was entered upon the books of the auditor for Anderson County as "special tax in Gantt School District." That such school district is entered upon the books of the treasurer for Anderson County as "Gantt School District," and such is also the case in the records of the office of state superintendent of education for the State of South Carolina, and was so named "Gantt School District" in the reports of the state superintendent of education to the General Assembly of this State for the years 1901 and 1902 respectively; and that the General Assembly of this State referred to such school district as "Gantt School District," in the act entitled "An act to authorize the trustees of Gantt School District of Anderson County to issue bonds for the purpose of erecting a school building and equipping the same," approved February 20th, 1903. Such being the facts admitted, we do not see how there can be any doubt as to the identity of the school district in question, whether it is called "School District No. 34" or "Gantt

School District." Hence it cannot avail the petitioners as an objection to the act in question. Even the contracts entered into by School District No. 34 would not be affected by such school district subsequently changing its name to "Gantt School District." See American and English Encyclopædia of Law, 2 ed., 7, vol. 687; also, *Girard* v. *Philadelphia,* 7 Wallace, 1. But in the case at bar, the school district has not changed its name, but has only adopted an "alias."

2. Is the act in question special legislation? How could the General Assembly have passed a general act by which the Gantt School District could be authorized to issue $8,000 of bonds to build a school house and equip the same? We fail to see. An examination of the provisions of the State Constitution clearly shows that the act of our General Assembly here in question is in no wise a contravention of the same.

It is the judgment of this Court, that the prayer of the petition be refused and such petition be dismissed.