6951

## HODGE v. TRUSTEES OF SCHOOL DISTRICT.

CONSTITUTIONAL LAW—BONDS.—THE VALIDATING ACT, 25 Stat., 1333, validating the issue of bonds by School District No. 9, of Clarendon county, is not in violation of sub. 11, sec. 34, Art. III of the Constitution, and the Legislature has power by such act to exempt the school district from the operation of a statute, limiting the amount of bonded indebtedness and to cure defects in the election as to the issue of bonds in the form of the ballots used.

Petition in the original jurisdiction of this Court by E. Dudley Hodge to enjoin A. Levi, W. C. Davis and Joseph Sprott, as board of trustees of school district No. nine, of Clarendon county, from issuing certain school district bonds.

*Mr. Charlton DuRant,* for petitioner.

July 13, 1908.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is a petition addressed to the Court, in the exercise of its original jurisdiction, for an order enjoining the defendants from issuing certain bonds, and involves the construction of the three following acts:

(1).  "An act to authorize the trustees of school district No. nine, of Clarendon county, to issue bonds for the purpose of erecting a school building and equipping the same, and purchasing a lot or lots," approved 15th of February, 1907 (page 739).

This act authorizes and empowers the trustees to issue and sell coupon bonds in an amount not exceeding twenty thousand dollars: *Provided,* That the question of issuing the bonds shall first be submitted to the qualified voters of the school district at an election to be held to determine whether the bonds shall be issued.   The act provides that there shall be two sets of ballots, on one set of which ballots shall be printed the words: "For the issuing of bonds;" and on the other, "Against the issuing of bonds."

(2).  "An act to provide for the issuing of bonds in public school districts in South Carolina," approved 19th of February, 1907 (page 522).

In this act it is provided that the trustees shall be authorized and empowered to issue and sell coupon bonds in such an amount as may be deemed necessary, not to exceed four per cent. of the assessed valuation of the property of such school district.   It also contains the provision that the ballot

cast must have written or printed on it the words, "For bonds" or "Against bonds."

(3). "An act to validate the election held December 17, 1907, and the bonds issued, or to be issued, by school district No. nine (9), of Clarendon county, under and pursuant to the terms of an act entitled 'An act to provide for the issuing of bonds in public school districts in South Carolina,' approved February 19, 1907," * * * approved 25th of February, 1908 (page 1333).

This act provides that said election "is hereby validated, ratified and confirmed, and notwithstanding any irregularities that may have occurred in the ordering or holding of said election or otherwise; and said proposed issue of bonds is hereby validated, notwithstanding the issue may exceed four per cent. of the assessed valuation of the property of said school district."

The proposed issue of the bonds amounts to thirty thousand dollars, and this exceeds four per cent. of the assessed valuation of the property of such school district.

The ballots cast had printed thereon either the words "For the issuing of bonds" or "Against the issuing of bonds."

The vital question in the case is, whether the validating act, hereinbefore mentioned, is void, on the ground that it is in violation of art. III, section 34, subdivision XI, of the Constitution, forbidding the General Assembly to enact local or special laws in any case where a general law can be made applicable.

"The pivotal point in a healing or validating statute is that it must be confined to acts which the Legislature could previously have authorized." *State* v. *Whitesides,* 30 S. C., 579, 9 S. E., 661; *State* v. *Neely,* 30 S. C., 587, 9 S. E., 664.

"Although necessarily retroactive, curative acts are not for that reason invalid; for the general rule is that the Legislature can validate any act which it might originally have authorized." 26 Enc. of Law, 698-9.

"A retrospective statute, curing defects in legal proceedings where they are in their nature irregularities only and do

not extend to matters of jurisdiction, is not void on unconstitutional grounds unless expressly forbidden.    Of this class are the statutes to cure irregularities in the assessment of property for taxation, and the levy of taxes thereon; irregularities in the organization or election of corporations; irregularities in the votes or other action by municipal corporations, or the like, where a statutory power has failed of due and regular execution through the carelessness of officers or other cause, irregular proceedings in courts, etc.    The rule applicable to cases of this description is substantially the following: If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute.    And if the irregularity consists in doing some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law."    Cooley's Con. Lim., 456-7.

The next question, therefore, is whether the Legislature had the power, under the Constitution, when the act of February 19, 1907, was passed, to have exempted the school district in question from the operation of that portion of the act which provides that the bonds shall not exceed in amount four per cent. of the assessed valuation of the property of such school district.    The question as to the power of the Legislature in similar cases has already been determined by this Court in the following cases: *Grocery Company* v. *Burnet,* 61 S. C., 205, 39 S. E., 381; *State* v. *Brock,* 66 S. C., 357, 44 S. E., 931; *Buist* v. *City Council,* 77 S. C., 260, 51 S. E., 862.

If the Legislature had inserted a provision exempting the said school district from the operation of the act in the particular already mentioned, the case would fall within the proviso to article III, section 34, subdivision XII, of the Constitution, which is: "That nothing contained in this section

shall prohibit the General Assembly from enacting special provisions in general laws."

This conclusion practically disposes of all questions in the case.

An order dismissing the petition has already been filed.