(59 South. 866.)

No. 19,655.

EDRINGTON v. CHENET.

(Oct. 31, and Nov. 2, 1912.)

*(Syllabus by Editorial Staff.)*

1. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—CONTEST—EVIDENCE.

The court in a primary election contest may not deduct from the votes cast for the opposing candidate votes cast by persons who had not paid their poll taxes, or who were nonresidents, unless the evidence shows that they voted for such candidate; and where only one of several persons wrongfully denied the right to vote showed that, had he been permitted to vote, he would have voted for one of the candidates, only one vote may be added to such candidate's count.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

2. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—CONTEST—EVIDENCE.

Where, in a suit to contest a Democratic primary election, it was claimed that one not affiliated with the Democratic party voted, but his name was not given in the argument, nor mentioned in the pleadings, and the court could not find any reference to him in the record, a deduction of a vote would not be allowed.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; E. K. Skinner, Judge ad hoc.

Action by Prentice E. Edrington against James V. Chenet. From a judgment for plaintiff, defendant appeals. Affirmed.

H. N. Gautier, of New Orleans, and Pugh & Lemann, of Donaldsonville, for appellant. Dart, Kernan & Dart, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff and defendant were candidates for judge of the Twenty-Eighth judicial district court at the Democratic primary election held in that district September 3, 1912. This case is similar in all respects to that of the case of Marrero v. Middleton et al., 131 La. 432, 59 South. 863, this day decided by us. There was judgment in favor of the plaintiff, Judge Edrington, and against the defendant, Judge Chenet, from which judgment derendant prosecutes this appeal.

Because of the great similarity in the two cases it becomes unnecessary for us to repeat what is said by us in the reasons for judgment in the case of Marrero v. Middleton. That case, having been filed in this court before the present one, gave it precedence; and we now refer to the reasons for judgment in that case and make them a part of the judgment in this case.

The judgment appealed from finds that Judge Edrington had a majority of 33 votes, and that he is entitled to be declared the nominee of the Democratic party for judge of the Twenty-Eighth judicial district.

[1, 2] We shall therefore begin where we left off in the case of Marrero v. Middleton. Defendant on his brief enumerates 78 illegal votes, which he claims should be deducted from the votes cast, or rather found, for Judge Edrington—10, because of the alleged nonpayment of poll taxes; but this deduction cannot be allowed, for the reason that this

record does not disclose for whom these 10 persons voted for judge. They do not appear to have been asked this question. We are therefore unable to take them from Judge Edrington, or to give them to Judge Chenet. The next claim for reduction is of 12 nonresidents, who voted; but these, also, were not asked for whom they voted for judge, except in one instance, and the witness answered that he had voted for Judge Edrington. Therefore 1 vote will be deducted from Judge Edrington's count. The next claim is for 3 persons who offered to vote, and who were refused the right to vote. Only 1 of these persons was asked for whom he would have voted, had he been permitted to vote; and he answered, "For Judge Chenet." Therefore 1 vote will be added to Judge Chenet's count. The next claim is for 3 not registered. The evidence on this point shows that the 3 persons referred to were registered; but their names had been stricken off the rolls by the former registrar, and restored to the rolls by the present registrar, as having been erroneously and fraudulently erased. Only 1 of these persons was asked for whom he had voted, and he answered, "For Judge Edrington;" but this 1 vote will not be taken from Judge Edrington. There is not sufficient warrant for doing so. The next claim is for 1 who was not affiliated with the Democratic party. His name is not given in argument, and is not mentioned in the pleadings, and we have not been able to find any reference to him in the very voluminous record before us. This reduction will not be allowed. The next claim is for 16 not registered until after August 29th. This will not be allowed, for the reasons given in the opinion in the case of Marrero v. Middleton. The next claim is for 10 aliens, 1 a native of Italy. This will not be allowed, for the reason just before given. The next claim is for 22 "nonwhites." If this claim is allowed, although the evidence for whom they voted is not in the record, it,

together with the other 2 votes just enumerated, and allowed to be counted against Judge Edrington, will reduce his majority of 33 by 24, and make his majority 9 votes.

Judge Edrington having received a majority of the votes cast at the election, September 3, 1912, held in the Twenty-Eighth judicial district for the office of judge, it is ordered that the judgment appealed from is affirmed.

PER CURIAM. Counsel for the contestee has presented to the court a brief purporting to point out manifest errors in the judgment rendered in this case, sufficient, as they allege, to authorize a different finding. Counsel for the contestant has replied, and the court has given the matter such further consideration as the circumstances admit. We have not, as a result, been convinced that we have erred in affirming the conclusion reached by the trial judge, or that sufficient cause has been shown for reversing the action taken by us.