## 11543

### ROBINSON v. ASKEW, SUPERVISOR, *ET AL.*

#### (123 S. E., 822)

1. TOWNS—CONSTITUTIONAL AMENDMENT PERMITTING TOWNSHIP TO INCREASE INDEBTEDNESS HELD TO VALIDATE BOND ISSUE PREVIOUSLY AUTHORIZED.—Amendment to Const., Art. 10, § 5, proposed in 1920 and subsequently ratified, permitting Bogansville Township to increase its bonded indebtedness, *held* to have such retroactive effect as to validate a proposed issue of bonds which at time of passage of Act March 1, 1919 (31 St. at Large, page 595), authorizing the issue, was in excess of constitutional limitation then in force.

2. CONSTITUTIONAL LAW—CONSTITUTIONAL PROVISION GIVEN RETROACTIVE EFFECT WHEN SUCH INTENT IS MANIFEST.—A constitutional provision, original or by amendment, may be given a retroactive effect when intention to do so is manifest, provided it does not impair contractual obligations, divest vested rights, or otherwise conflict with the Federal Constitution.

Before SEASE, J., Union, June, 1924. Affirmed.

Action by W. A. Robinson against J. V. Askew, County Supervisor, and others as the Advisory Board of Union County. From an order sustaining demurrer to the complaint, plaintiff appeals.

*Mr. Colin S. Monteith* for appellant.

*Messrs. John K. Hamblin* and *Sawyer & Kennedy,* for respondent, cite: *Construction of constitutional provision:* 12 C. J., 700; 6 R. C. L., 52. *Intent prevails over literal meaning:* 12 C. J., 702; 48 S. C., 52; 25 R. C. L., 1077.

July 16, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a proceeding, in the nature of an action for injunction, to test the validity of a proposed issue of road bonds by Bogansville Township, in Union County.

The facts are these: The General Assembly passed an Act approved March 1, 1919 (31 St. at Large, page 595), authoriing the issue of $150,000 of bonds for road purposes, by Bogansville Township, conditioned upon the favorable result of an election ordered to be held on the question; an election was accordingly held on March 22, 1919, which resulted in favor of the issue; it was later discovered that the proposed issue of $150,000 would exceed the constitutional limit at that time, of 8 per cent. of the assessed value of taxable property; only $60,000 of bonds, within the limitation, were accordingly issued and disposed of; at the 1920 session of the General Assembly (31 St. at Large, page 1711), a resolution was passed proposing to amend the restricting clauses of the Constitution (Article 10, § 5) by permitting Bogansville Township to go to the limit of 35 per cent. of the assessed value of taxable property therein, in increasing its bonded indebtedness; at the succeeding general election the adoption of this resolution was submitted to the qualified voters of the State and favorably voted upon; at the 1921 session of the General Assembly, an Act was passed ratifying the amendment to the Constitution; the amendment contains the following provision:

"*Provided,* the question of increasing such bonded indebtedness is submitted, or has been submitted, to the qualified electors of said townships, and a majority of those voting in such election, or elections, shall vote in favor thereof." Act Feb. 25, 1921 (32 St. at Large, page 97).

No new election was held after the ratification of the amendment, the township authorities assuming that they were authoried to issue additional bonds in the sum of $60,000, by virtue of the amendment and the election which had been held in March, 1919. The additional bonds have been negotiated, and this proceeding has been brought to enjoin their issuance and delivery. The township authorities interposed a demurrer to the petition (as it has been

termed), raising the question hereinafter decided, which was sustained by his Honor, Judge Sease. From his order, the plaintiff has appealed.

It is conceded that the proposed additional issue would raise the bonded indebtedness of the township to a point easily within the limitation of 35 per cent., fixed by the amendment ratified in 1921, and that if the same had been authorized by an election held after the amendment had been ratified, there would be no question as to the validity of the bonds. There having been no such election, however, the question to be determined is whether or not the constitutional amendment can be given such retroactive effect as to validate a proposed issue of $150,000 of bonds, which, at the time of the passage of the Act of 1919, was in excess of the limitation then in force.

When Article 10, § 5, of the Constitution was adopted, the Constitutional Convention had the power to fix the limitation at such percentage as might have been deemed expedient, or as was done in reference to counties (*Lillard v. Melton,* 103 S. C., 10; 87 S. E., 421. *Little v. Willimon,* 103 S. C., 50; 87 S. E., 435), to omit all limitation. Having such unlimited power over the subject, it follows necessarily that at any time thereafter, the constitutional limitation might be changed to any extent by the authorized method of amending the Constitution.

So far, then, as Bogansville township is concerned, the limitation of article 10, § 5, has been changed by the ratified amendment of 1921, and the crucial question is: Has this change been given retroactive effect? There cannot be a question but that such was the purpose of the amendment. The General Assembly had authorized the issue and provided for the election; the election had been had, and carried approval of the issue. It was then discovered that the issue exceeded the limitation; the amendment was proposed in the session of 1920, adopted, rati-

fied at the General Election and by the session of 1921; it contained the significant clause above quoted:

"Provided, the question of increasing such bonded indebtedness is submitted, or has been submitted, to the qualified electors," etc.

It is paradoxical to say that an amendment to the Constitution is unconstitutional, in the absence of a showing that its effect is to violate the obligation of existing contracts, to divest vested rights or to work a forfeiture of estate; even in such cases it would be more accurate to say that it was ineffectual, as applied to them. The amendment might have taken off the bridle entirely and left the power unlimited, either as to percentage or approval on an election; it certainly was within the constitutional authority to do less than that.

That a constitutional provision, original or by amendment, may be given a retroactive effect, when the intention to do so is manifest, provided it does not impair the obligation of contracts, divest vested rights, or is otherwise repugnant to the federal Constitution, is thoroughly settled.

"No one doubts, however, that retroactive laws may be passed, so long as they do not impair the obligation of contracts or divest vested rights, and no one can deny that when such a law is passed by competent authority, and the intention that it shall operate retroactively is clearly expressed, it becomes the duty of the Courts to construe and apply it according to the intention of the maker." *Fontenot v. Young,* 128 La., 20; 54 South., 408.

"Constitutional provisions like statutes, operate prospectively, and not retrospectively, unless the words used or the objects to be accomplished clearly indicate that a retrospective operation was intended. But an expressed intention that a Constitution shall operate retrospectively will be enforced." 12 C. J., 721.

"A State Constitution or an amendment thereof, which is retrospective in its operation, is not invalid when it does not impair the obligation of a contract, or partake of the character of an *ex post facto* law, or divest vested rights." 12 C. J., 1085.

"Constitutions as well as statutes are construed to operate prospectively only, unless, on the fact of the instrument or enactment, the contrary intention is manifest beyond reasonable question." *Shreveport v. Cole,* 129 U. S.; 36; 9 Sup. Ct., 210; 32 L. Ed., 589.

See, also, *Harris v. Walker,* 199 Ala., 51; 74 South., 40. *Etchison v. Flournoy,* 131 La., 442; 59 South., 866. Cooley Const. Lim., 97. *Willcox v. Edwards,* 162 Cal., 455; 123 Pac., 276; Ann. Cas. 1913C, 1392. *Darling v. Miles,* 57 Or., 593; 111 Pac., 702; 112 Pac., 1084. *Mercur v. Spry,* 16 Utah, 222; 52 Pac., 382. *Nestas v. Diamond Co.,* 12 Wyo., 414; 76 Pac., 567. *Strickler v. Colorado Springs,* 16 Colo., 61; 26 Pac., 313; 25 Am. St. Rep., 245. *Kirby v. Telegraph Co.,* 4 S. D., 105; 55 N. W., 759; 30 L. R. A., 612; 46 Am. St. Rep., 765.

The exception plainly establishes the rule that if the intention that the provision shall be retrospective is manifest, it will be given effect. A striking illustration of retroactive legislation (not a constitutional amendment) appears in the case of *A. & C. A. L. Railway Co. v. Easley,* 117 S. C., 494; 109 S. E., 285. In 1917 a constitutional amendment was ratified, authorizing the General Assembly to authorize the City of Easley to levy assessments upon abutting property owners for street improvements; without securing such legislative authority, the city passed an ordinance providing for such assessments; in 1919 an Act was passed validating all proceedings theretofore had in the matter; later in the same year another Act was passed, supplying the omitted authority. Over an objection to the validity of the assessment the Court held that:

"The Legislature validated and sanctioned an Act which it might have originally authorized. The defect in the ordinance, levying the assessment for want of prior legislative sanction, was cured"—citing *Duke v. Williamsburg,* 21 S. C., 414. *Hodge v. School District,* 80 S. E., 518; 61 S. E., 1009. *Dove v. Kirkland,* 92 S. C., 313; 75 S. E., 503.

If such a result can be accomplished by legislative action, surely there can be no objection to the result accomplished by amendment to the Constitution. We are of opinion, therefore, that the amendment ratified in 1921 was retroactive in its effect, and made valid the issue.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.