## 12423

### COVINGTON v. McINNIS, *ET AL.,* TRUSTEES

### (142 S. E., 650)

1. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY OF SCHOOL DISTRICT TRUSTEES TO ISSUE BALANCE OF BONDS VOTED AT ELECTION IN EXCESS OF THEN EXISTING CONSTITUTIONAL LIMITATION HELD NOT IMPAIRED BY LAPSE OF SEVEN YEARS (CONST., ART. 10, § 5, AS AMENDED IN 1927 [SEE 35 ST. AT LARGE, P. 177]).—Where amount of bonds authorized by school district election could be issued in part only on account of constitutional limitation, trustees' authority to issue remaining portion of bonds after adoption in 1927 of amendment to Const., Art. 10, § 5 (see 35 Stat. at Large, p. 177), authorizing district to vote bonds to an amount not exceeding 16 per cent. of assessed valuation of taxable property, was not impaired by lapse of over seven years from date of election.

2. SCHOOLS AND SCHOOL DISTRICTS—EXERCISE OF DISCRETION OF SCHOOL TRUSTEES TO ISSUE BONDS VOTED FOR IS NOT DEFEATED BY LAPSE OF TIME, UNLESS CHANGE OF CONDITIONS RENDERS BOND ISSUANCE UNNECESSARY OR INEQUITABLE (CONST., ART. 10, § 5, AS AMENDED IN 1927 [SEE 35 ST. AT LARGE, P. 177]).—Exercise of discretion by school district trustees to issue bonds authorized by election, under Const., Art. 10, § 5, as amended in 1927 (see 35 St. at Large, p. 177), is not interfered with on account of lapse of time, unless purposes for which bonds were voted have ceased to be necessary or have so changed that it would be inequitable to allow the bonds to be issued.

3. CONSTITUTIONAL LAW—RETROACTIVE EFFECT OF CONSTITUTIONAL PROVISION DEPENDS ON LEGISLATIVE INTENT.—Determination whether constitutional provision is retroactive or prospective only depends on question of intention of Legislature.

4. CONSTITUTIONAL LAW—CONDITIONS UNDER WHICH CONSTITUTIONAL AMENDMENT WAS PASSED MAY BE CONSIDERED, WHERE LANGUAGE OF AMENDMENT FAILS TO DISCLOSE LEGISLATIVE INTENT.—Where wording of constitutional amendment throws no light on question of intent in construing amendment, Court can consider conditions under which amendment was passed.

5. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENT RAISING LIMITATION ON BONDED INDEBTEDNESS OF SCHOOL DISTRICT HELD RETRO-

NOTE: As to presumed prospective operation off constitutional amendment, see 6 R. C. L., 33; 2 R. C. L. Supp., 5.

Existing conditions properly considered in construing constitutional amendment, see 6 R. C. L., 51; 2 R. C. L. Supp., 10; 4 R. C. L. Supp., 374; 5 R. C. L. Supp., 315.

ACTIVE, IN VIEW OF BOND ISSUANCE PROVIDED FOR BY PREVIOUS ELEC-
TION (CONST., ART. 10, § 5, AS AMENDED IN 1927 [SEE 35 ST. AT
LARGE, P. 177]).—Const., Art. 10, § 5, as amended in 1927 (see 35
St. at Large, p. 177), raising limitation on bonded indebtedness
of Clio School District No. 9 from 8 per cent. to 16 per cent. of
value of taxable property in the district, *held* retroactive, where
evident intention of amendment was to authorize bond issuance
voted for at previous election, which was in excess of then existing
constitutional debt limitation.

In the original jurisdiction, March, 1928. Petition dis-
missed, and injunction dissolved.

Original application by J. C. Covington to enjoin the
issuance of school district bonds, opposed by John McInnis
and others, composing the Board of Trustees of School Dis-
trict No. 9 of Marlboro County.

*Mr. J. N. Nathans* for petitioner.

*Messrs. McColl & Stevenson* for respondents.

April 10, 1928.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE WATTS.

This is an application in the original jurisdiction of the
Court to permanently enjoin the issuance of bonds of Clio
School District No. 9 of Marlboro County, in the State
of South Carolina. The petitioner for himself and other
taxpayers in the district seeks to have the proposed bonds
declared illegal on two grounds specified in the agreed
statement of facts, submitted as a controversy without ac-
tion.

It appears that on the 19th day of April, 1920, an election
was held in the school district on the issuance of $50,000.00
of bonds, the proceeds to be used for the purpose of erect-
ing a building and maintaining the schools in said district,
which election resulted in favor of the issuance of said
bonds. Because of the 8 per cent. limitation of the Consti-
tution, the trustees were advised that the district had no
power to issue more than $32,000.00 of bonds, and bonds
to that amount were issued and sold. Thereafter, in 1927,

an amendment to Article 10, § 5, of the Constitution was adopted (see 35 St. at Large, p. 177), providing that Clio School District No. 9 was expressly authorized to vote bonds to an amount not exceeding 16 per cent. of the value of all taxable property in such territory as valued for taxation by the State, under such restrictions and limitations as the General Assembly may prescribe, and where the question of incurring such indebtedness is submitted to the qualified electors of said school district as provided in the Constitution upon the question of bonded indebtedness. It is under this language, quoted *verbatim* from the amendment, that the objections hereinafter discussed arise.

       It is contended, first, by the petitioner that, as more
1, 2  than seven years has elapsed since the authority was
       given by the election to the trustees to issue the bonds and a part of said bonds having been issued and sold, after so long a lapse of time the trustees are now without authority to issue the remaining portion of said bonds or any part thereof.

This Court has recognized the validity of bonds issued many years after the election. The voters in the election declared their willingness to have the school district issue $50,000.00 of bonds. At the time of the election on account of the 8 per cent. limitation of the Constitution the full amount of these bonds could not be issued, but this disability having been removed and in the opinion of the trustees it is necessary for the school district to come into funds to be used for the purposes for which the election was held, there can be no valid objection to the bonds being issued for that purpose. This Court has recognized in the case of *Robinson v. Askew et al.,* 129 S. C., 188; 123 S. E., 822, that bonds can be issued many years after the election authorizing it; in that case the issue being sold four years after the election. This has been recognized in other jurisdictions. *Miller v. Carbon County School District No. 3,* 5 Wyo., 217; 39 P., 879. *Sutherland v.*

*Board of Education,* 209 Ky., 351; 272 S. W., 887. The only limitation which should affect the right to issue bonds under these circumstances is where the purposes for which the bonds were originally voted have ceased to be necessary, or where the conditions have so changed that it would be inequitable to allow the bonds to be issued, and, unless one of these conditions clearly appears to the satisfaction of the Court, the exercise of their discretion by the trustees should not be interfered with.

3-5     The second objection is that the constitutional amendment required a vote on bonds to be issued under its provisions and that an election held previous to the adoption of the amendment would not be a compliance therewith. This raises the question whether the provisions of the amendment were retroactive or prospective only. The decision of this question rests upon the matter of intention. If it was the intention of the Legislature that it should be retroactive, it will have that effect. The wording of the amendment throws no light on this question, and, therefore, the Court can consider the conditions under which the amendment was passed. As shown in the agreed statement of facts, there had been voted by the school district an issue of $50,000.00 of bonds for a definite purpose as submitted to the voters. This purpose was unable to be carried out on account of the 8 per cent. constitutional limitation. To enable the purpose for which the original bonds were voted to be carried out, the amendment to the Constitution was adopted, and to carry out this purpose it was clearly the intention that, if an election had been previously held, it should be regarded as the election required by the amendment. In this view it was clearly the intention of the amendment that it should be retroactive, and we so hold.

This principle was recognized in the case of *Robinson v. Askew et al.,* 129 S. C., 188; 123 S. E., 822, where it was held that whether the constitutional amendment should be retroactive or not was a matter of intention of the amendment. In the view we have taken above it was

clearly the intention, in order to meet the existing condition, that it should have a retroactive effect.

This disposes of all of the objections of the petitioner to the issuance of these bonds. The petition is dismissed, and the injunction dissolved.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.